NELSE JOHNSON v. THE STATE.

No. 1431.     Decided December 6, 1911.

**Malicious Mischief—Charge of Court.**

Where, upon trial of malicious mischief, the charge of the court confused the law applicable to the fact, in that the court instructed the jury to find under one article of the law, and gave the punishment under another article of the statute, the same was reversible error.

Appeal from the County Court of Madison.     Tried below before the Hon. Tom. D. Clark.

Appeal from a conviction of malicious mischief; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts, the first charging appellant unlawfully and maliciously maimed, wounded and disfigured a horse, the property of Jack Johnson, with the intent then and there to injure the said Jack Johnson. The second count charges that he did unlawfully, wilfully and wantonly maim, wound, cut and bruise one horse, the property of Jack Johnson.

The first count was framed under article 786 of the Penal Code, and the second count under article 787. The court gave the following instructions to the jury:

"If you find beyond a reasonable doubt that the defendant, Nelse Johnson, did, on or about the 29th day of October, A. D. 1910, wantonly wound or maim a domestic animal or horse as charged in the indictment, the property of Jack Johnson, you will find him guilty and fix his punishment of a fine of not less than ten dollars nor more than two hundred dollars."

Appellant excepted to this charge. Among other objections to this charge, appellant says it affirmatively misdirects the jury as to the law and the punishment. Article 786 denounces punishment against anyone who wilfully and maliciously wounds, maims or disfigures a horse, and article 787 punishes where wilfully or wantonly wounded, etc. The punishment under article 786 is not less than ten, nor more than two hundred dollars. Under 787 the punishment is not to exceed $250. The punishment assessed by the jury was ten dollars. It is insisted in the bill that the wrong punishment was given. If he wantonly did it as charged by the court, the punishment should have been given as prescribed in article 787 and not in 786. It is evident that the charge is erroneous under any view to be taken of it. If the accused was to be convicted under article 786, then the court was in error in authorizing the jury to convict for wantonly injuring the animal. The court charged wantonly and not maliciously or wilfully. If he was to be convicted under article 787, then the court has given the wrong punishment. The charge seems to be a confused statement in regard to the law, and the punishment, in that the court instructed the jury to find under one article, and gave the punishment under the other. We are of opinion that this is such error as requires a reversal of the judgment. The court can not submit one offense and authorize a conviction for the punishment denounced for another offense.

There are other matters complained of, but we hardly think them of sufficient importance to require a reversal.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*