D. L. BURKE v. THE STATE.

No. 14990. Delivered March 16, 1932.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, five years in the penitentiary.

Appellant complains of the indictment, but we observe that same charged that the house which was burned was "situated within the city of Shamrock, Texas, in said county". The court submitted this issue to the jury. We think the indictment sufficient.

For some reason the court was misled in stating to the jury the punishment for the offense of arson. He stated that the punishment was not less than five or more than twenty years. The jury gave to appellant the lowest penalty stated in the charge. In fact the lowest penalty fixed by our statute, see article 1314, P. C., is two years, and the court should have instructed the jury that in case of guilt the punishment should be confinement not less than two nor more than twenty years. Without discussing the facts, it is clear that the jury, having given to appellant the lowest penalty allowed in the punishment stated by the court, may have given a lower penalty if allowed so to do. The error is one for which reversal must be had. Steele v. State, 46 Texas Crim. Rep., 338, 81 S. W., 962; Johnson v. State, 64 Texas Crim. Rep., 108, 141 S. W., 524.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*