## PEARLE STEELE v. THE STATE.

### No. 2814. Decided June 22, 1904.

**1.—Indictment—Duplicity—Theft from Person.**

An indictment for theft from the person which alleges that the theft was committed without the knowledge of prosecutor, and so suddenly as not to allow time to make resistance before said property was carried away, is not duplicitous and good on motion to quash.

**2.—Charge of the Court—Maximum Penalty.**

Where the law fixes the minimum punishment at two years and the maximum at seven years, and the court instructs the jury that the maximum penalty is ten years, and the jury assess the penalty at five years, which is in excess of the lowest punishment authorized by law, the misdirection is prejudicial to defendant's rights and reversible error. Brooks, J., dissenting.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

Appeal from a conviction of theft from the person; penalty, five years imprisonment in the penitentiary.

The principal State's witness testified that defendant asked him for a match, which he kept in his pocketbook; as he handed her the match, she saw the purse and asked witness for a dime, which he refused, and she grabbed $10 from the purse. Witness said, "You got a ten-dollar bill of mine." Defendant replied, "No, I have not," and threw her hands behind her, and witness said: "You have, and I am going to have you arrested," which he did. Another witness testified that defendant told her that she had a ten-dollar bill and exhibited it to witness. This witness also corroborates the main witness substantially as to what was said between defendant and the principal witness at the time the money was taken by her and when witness accused her of taking it.

*Baskin, Dodge & Baskin,* for appellant.—Two repugnant or inconsistent allegations in one count of an indictment, are fatal and render the indictment inadequate. The indictment charged that appellant "did then and there unlawfully, privately and fraudulently take from the person and possession of W. R. Poindexter, without the knowledge and without the consent of said W. R. Poindexter, and so suddenly as not to allow time to make resistance before said property was carried away," etc. Boren v. State, 23 Texas Crim. App., 28; 4 S. W. Rep., 463; Shuman v. State, 34 Texas Crim. Rep., 69; 29 S. W. Rep., 160

A charge placing the maximum punishment greater than that fixed by law under which the jury finds a verdict for more than the minimum punishment, was calculated to injure the rights of defendant and is cause for reversal.

*Howard Martin,* Assistant Attorney-General, for the State.—By his fourth assignment he contends that the court in misgiving the punish-

ment affixed to the offense erred to the prejudice of appellant. The court charged the jury that the maximum punishment was ten years, when in fact it is only seven. The State's only answer is that under article 723 this error was not calculated to injure appellant. I know of no case exactly in point.

HENDERSON, JUDGE.—Appellant was convicted of theft from the person, and her punishment assessed at confinement in the penitentiary for a term of five years.

Appellant assigns as error the action of the court refusing to quash the indictment. She insists that the indictment is bad for duplicity, in that it alleges that the theft was committed without the knowledge of prosecutor, and so suddenly as not to allow time to make resistance before said property was carried away, etc.; that this all being the same count renders the indictment duplicitous. The allegations of the indictment in this respect are as follows: that appellant "did then and there unlawfully, privately and fraudulently take from the person and possession of W. R. Poindexter, without the knowledge and without the consent of the said W. R. Poindexter, and so suddenly as not to allow time to make resistance before said property was carried away, corporeal personal property," etc. Our statute on the subject of theft from the person unquestionably creates two characters of theft: one of property taken privately without the knowledge of prosecutor, and the other kind where property is taken so suddenly as not to allow time to make resistance before said property is carried away. Article 880, subdiv. 2, Penal Code; McLin v. State, 29 Texas Crim. App., 171. In the latter case it was held that, where the indictment charged theft without the knowledge of the prosecutor, a charge instructing the jury if it was done so suddenly as not to allow time to make resistance before the property was carried away, was error on the ground that there was no allegation of that character in the indictment. However, the indictment here does allege both, without the knowledge and that it was done so suddenly as not to allow time for resistance, etc. These allegations as we understand the indictment, are in the conjunctive. While both are in the same count, this does not vitiate the indictment, as there is not necessarily any antagonism between the two modes of doing the thing. It is much like the charge of burglary, where the pleader is allowed to allege that the act was done by force, threats and fraud, and then prove either mode of committing the burglary. We hold that the indictment was not bad on this account.

Appellant complains of the charge of the court in submitting a punishment not authorized by law. The court instructed the jury in case they found appellant guilty to assess his punishment at confinement in the penitentiary for a term of not less than two nor more than ten years. The law fixes the minimum punishment at two years and the

maximum at only seven years. This charge was excepted to. The jury assessed the punishment of appellant at five years confinement in the penitentiary. We have held in a number of cases that where the court misdirected the jury as to the maximum punishment but correctly instructed them as to the minimum punishment, and the jury assessed the punishment at the lowest, that there was no injury shown. O'Docharty v. State, 57 S. W. Rep., 657; Parker v. State, 67 S. W. Rep., 121; Lovejoy v. State, 48 S. W. Rep., 520. But would the same rule apply where the jury assessed a punishment in excess of the lowest term authorized by law? We believe not In this case the jury in fixing the punishment was told by the court that they could give appellant as much as ten years, when according to the law they could only give him a maximum of seven years. They were bound to take the law from the court, and in assessing the punishment, no doubt took into consideration the maximum as given them by the court, as the law of the case. We can not say that this misdirection did not injure appellant's rights; but on the contrary, in our opinion, it was calculated to do so. Because of the misdirection of the court in stating the maximum punishment authorized by law, and the fact that the jury gave appellant a punishment in excess of the lowest, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—I agree to this reversal because it is in accord with my views expressed in dissenting in the Manning case, decided at present term, in regard to article 723, Code of Criminal Procedure.

BROOKS, JUDGE.—I think the error in the charge on the penalty was harmless. See other cases decided at the present term.