Patricio E. MOYA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–024–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1983.

Juan Martinez Gonzales, Beeville, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for unlawful delivery of a controlled substance, to wit, cocaine. Appellant was indicted on October 8, 1982, for "intentionally and knowingly deliver[ing] by actual transfer ... a controlled substance listed in Penalty Group 1, to-wit, cocaine of more than 28 grams but less than 200 grams[.]" At the time of the indictment this alleged an offense under TEX.REV.CIV.STAT.ANN. art. 4476–15 § 4.03(d)(1) (Vernon Supp. 1982–83). The offense was classified as "aggravated" delivery and carried a range of punishment of confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine not to exceed $50,000. A jury found appellant "guilty as charged in the indictment" and assessed punishment at 15 years' confinement and a fine of $10,000. Appellant perfected his appeal and brings seven grounds of error which he contends entitle him to an acquittal or, alternatively, a new trial. He does not challenge the sufficiency of the evidence to support the conviction. We affirm.

On April 27, 1982, Fermin Islas, a narcotics investigator for the Texas Department of Public Safety, was introduced to appellant by Eddie Thrasher. Eddie Thrasher was a police informant. On the basis of that introduction, Islas got to know appel-

lant "pretty well" and saw him many times over the next five months. On June 9, 1982, Islas and another officer went to appellant's home, where Islas purchased approximately 32 grams of cocaine from appellant. This purchase formed the basis for appellant's conviction.

We first address appellant's second ground of error wherein he contends that the trial court erred in not granting his motion to quash, since the indictment was fatally defective as based upon an unconstitutional statute. The Texas Legislature, in the 1981 session, passed House Bill 730,[1] which amended the Texas Controlled Substances Act, TEX.REV.CIV.STAT.ANN., art. 4476–15 (Vernon Supp.1982–1983).

The Court of Criminal Appeals has recently held in *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App.1983); and, in *Bass v. State,* 661 S.W.2d 954 (Tex.Cr.App.1983), that the caption to House Bill 730, supra, was defective in that it failed to apprise readers of the changes in the Code of Criminal Procedure and Penal Code effectuated by the amendment. The Bill was declared unconstitutional under TEX.CONST.ART. III, § 36. The Court further held that the Controlled Substances Act stood as though House Bill 730 had never been enacted.

The pre-amendment version of the Texas Controlled Substances Act (the Act), in pertinent part, provided:

"Sec. 4.03. (a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4.

(b) An offense under Subsection (a) of this section with respect to:

(1) a controlled substance in Penalty Group 1 is a felony of the first degree[.]"

Sec. 4.02(b)(3)(D) provided that cocaine was a controlled substance included in Penalty Group 1. Controlled Substances—Schedules and Penalty Groups, ch. 598, § 4.02(b)(3)(D), 1979 Tex.Gen.Laws 1288.

The indictment before us today alleged an offense under the law as it existed before H.B. 730 was passed; i.e., delivery of a controlled substance in Penalty Group 1, and is therefore valid. *See Crisp.* Appellant's second ground of error is overruled.

Although we hold the indictment before us as valid and overrule appellant's second ground of error, we feel compelled to address the validity of appellant's sentence, assessed under the constitutionally infirm version of the Act. The charge given the jury on assessment of punishment reads in part:

"Our statute provides that the punishment for the offense of unlawfully [sic] delivery of Cocaine shall be by confinment [sic] in the Texas Department of Corrections for life or for any term of not more than ninety-nine (99) years or less than five (5) years. In addition to imprisonment a fine may be assessed in an amount not to exceed $50,000.00.

Therefore, You will assess the punishment of the defendant at confinment [sic] in the Texas Department of Corrections for life or any term of not more than ninety-nine (99) years or less than five (5) years. In addition to imprisonment you may assess a fine in an amount not to exceed $50,000.00."

However, under the pre-amendment version of the Act, the jury was only authorized to assess a penalty consistent with that authorized for a felony of the first degree; i.e., confinement for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. (TEX.PENAL CODE ANN. § 12.32 (Vernon Supp.1982–1983).

We have recently addressed this problem in *Torres v. State,* 13–82–205–CR (Tex.App.—Corpus Christi November 17, 1983, no pet.). Therein we stated that no reversible error arises from the imposition of a sentence based upon a charge given under the post-amendment act, provided that the sentence actually imposed falls within the range authorized by

1. H.B. 730, Acts of the 67th Leg., Reg.Sess., 1981, Ch. 268, Pg. 696–708, Eff. Sept. 1, 1981.

the pre-amendment version of the Act. *See Torres,* and authorities cited therein. We find that appellant was not harmed by the charge given the jury on punishment in the case at bar.

Appellant, in his first ground of error, alleges that the State suppressed the fact that James Thrasher had been previously arrested. Thrasher was an undercover narcotics officer for Live Oak County and was involved in the undercover drug operation in which appellant was arrested. It is appellant's contention that this information was material to the credibility of three State's witnesses, and therefore, its suppression violated appellant's rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Thrasher was not called as a witness.

In *Brady,* the Supreme Court stated that: "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196.

However, the Supreme Court later stated in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), that:

"[U]nless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's duty to disclose.

\*     \*     \*     \*     \*     \*

[T]he prosecutor will not have violated his constitutional duty of ˉdisclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.

\*     \*     \*     \*     \*     \*

The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."

The Court further noted that absent a showing that the evidence is clearly exculpatory, a general request for information really gives the prosecutor no better notice of what is desired than if no request had been made. *Agurs* at 108–110, 96 S.Ct. at 2399–2400.

■ Here, appellant requested the names of any informants together with a resume of their roles in the allegations in the indictment presented against appellant. He also requested the production or inspection of documents or other information which "might tend to affect adversely the competency of any of the State's witnesses, or any other witness; or might tend to impeach or adversely affect the credibility of any of the State's witnesses." We find that these requests amount to no more than the type of general request considered in *Agurs.* Furthermore, the evidence, even if suppressed, was not exculpatory. See *Agurs; Iness v. State,* 606 S.W.2d 306 (Tex.Cr.App. 1980). Appellant's first ground of error is overruled.

Appellant, in his third ground of error, alleges that the trial court committed reversible error by denying appellant's new attorney ten days to prepare for appellant's defense. Appellant was indicted on October 8, 1982. Trial began in the case on January 17, 1983. During the interim, appellant, through counsel, filed several pretrial motions. On the day of trial appellant filed a motion for substitution of counsel; this motion being denied on the same day.

■ An accused may not wait until the day of trial to demand a different counsel or to request that counsel be dismissed so that he may retain other counsel. *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976); see *Robles v. State,* 577 S.W.2d 699 (Tex.Cr. App.1979). Appellant was not denied his rights under either TEX.CODE CRIM. PROC.ANN. art. 27.11 (Vernon 1966), or under the Sixth Amendment to the U.S. Constitution. Appellant's third ground of error is overruled.

■ Appellant contends in his fourth ground of error that the trial court erred in overruling his motion for a mistrial when the State commented on an extraneous

drug offense, and thus violated appellant's motion in limine. During his opening statement, the prosecutor told the jury, "I anticipate the evidence to show that Fermin Islas was introduced to Mr. Pat Moya [appellant] on or about the 27th day of April and at that time Mr. Moya made an offer to sell cocaine." Appellant's attorney objected, and his objection was sustained. He then asked for an instruction to disregard, which was given. Finally, he moved for a mistrial, which was denied. While we do not believe that the prosecutor's remark was improper, *see Marini v. State,* 593 S.W.2d 709 (Tex.Cr.App.1980), any error was cured by the trial court's subsequent instruction to disregard. *Smith v. State,* 540 S.W.2d 693 (Tex.Cr.App.1976). Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant alleges that the trial court committed reversible error by overruling his motion for mistrial, after a defense witness (called as an adverse witness) volunteered information to a question and thereby placed the character and reputation of the appellant and his wife in issue, when neither appellant nor his wife had testified. During cross-examination of this witness, the following occurred:

"Q. Was the District Attorney's office an active participant in this or did you just inform Mr. Bridges?

A. I called him up on the phone and told him what we had and I told him this man's wife is arrested too and she's not— at the time, I didn't think she was as much involved in it as he was, and—"

Appellant's counsel objected, and his objection was sustained. He then requested an instruction to the jury, which was given. Counsel then moved for a mistrial which was denied.

■ Testimony of a similar nature was elicited from the defense during direct examination of this witness. Having opened the door to this testimony, appellant is in no position to now complain if the State went into it on cross-examination. *Knox v. State,* 487 S.W.2d 322 (Tex.Cr.App.1972). In any event, any harm was cured by the

trial court's instruction to disregard. *Sewell v. State,* 629 S.W.2d 42 (Tex.Cr.App. 1982). Appellant's fifth ground of error is overruled.

■ Appellant next alleges that the trial court committed fundamental error in omitting from the charge, at the guilt-innocence stage, a definition of an aggravated drug offense as contained in TEX.REV.CIV. STAT.ANN. art. 4476–15, § 4.03. Since an offense of aggravated delivery was created by the 1981 amendments to the Controlled Substance Act, and this act was subsequently declared unconstitutional, appellant could not have been harmed by the Court's failure to define such an offense. Appellant's sixth ground of error is overruled.

■ Appellant, in his final ground of error, contends that the trial court erred in not giving appellant an instructed verdict after the State had rested its case. Specifically, appellant contends that the evidence was insufficient to prove that the evidence introduced at trial was cocaine. We need not review the propriety of the overruling of a motion for an instructed verdict at the close of the State's case when the defense thereafter puts on evidence. *Kuykendall v. State,* 609 S.W.2d 791 (Tex.Cr.App.1981); *Shirley v. State,* 501 S.W.2d 635 (Tex.Cr. App.1973). Even if we were to read this ground of error solely as challenging the sufficiency of the evidence as a whole to show that the substance was in fact cocaine, we would be forced to overrule appellant's contention.

Donald Thain, a chemist for the Department of Public Safety, testified that he tested the substance contained in State's Exhibit Number 1 and found it to be powder weighing 31 grams, 19% of which was cocaine. The record reflects that State's Exhibit 1 was a clear plastic bag containing State's Exhibits 2, 3 and 4. State's Exhibit 2 was another clear plastic bag which contained State's Exhibits 3 and 4. State's Exhibit 3 was a small package containing seven grams of white powder and State's Exhibit 4 is a package containing "probably 25 grams of white powder." Officer Islas

testified that he received State's Exhibits 3 and 4, placed inside of State's Exhibit 2, from appellant. Islas testified he placed State's Exhibits 2–4 in State's Exhibit 1 for submission to the Department of Public Safety Laboratory. State's Exhibit 1 was admitted for the Court only. We find the evidence sufficient to establish that the contents of the bag contained cocaine. Appellant's seventh ground of error is overruled.

The judgment of the trial court is AFFIRMED.