**Sylvano SANCHEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–177–CR.**

Court of Appeals of Texas, Austin.

Feb. 29, 1984.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., James Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, SMITH and GAMMAGE, JJ.

PER CURIAM.

Sylvano Sanchez, Jr. appeals from the judgment of the district court convicting him of delivery of an amount of marihuana weighing five pounds or less but more than four ounces. Appellant pleaded not guilty, and trial was before a jury. Appellant pleaded true to the allegation of a prior felony conviction.

Appellant was indicted and convicted under Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.05(a), (b)(4) (Supp.1982) as amended by 1981 Tex.Gen.Laws, ch. 268, § 7, at 702. This chapter purported to constitute the offense charged a second-degree felony, for which the punishment would be confinement of a term of not more than twenty years or less than two years, to which could be added a fine not to exceed $10,000. Art. 4476–15, § 4.01(b)(2) (Supp.1982), as amended by 1981 Tex.Gen.Laws, ch. 268, § 1, at 697. Believing that appellant had been convicted of a second-degree felony under the amended § 4.05(a), (b)(4), the court instructed the jury, in accordance with Tex.Pen.Code Ann. § 12.42(b) (1974), that the punishment for this second-degree felony, where it is shown that the defendant has been once before convicted of any

felony, is the punishment for a first-degree felony, namely, confinement for life or for any term of not more than ninety-nine years or less than five years, to which the jury could add a fine not to exceed $10,000. Tex.Pen.Code Ann. § 12.32(a), (b) (Supp. 1982). The court instructed the jury that "it is your duty to find and assess his punishment within such range." The jury assessed punishment at confinement for fifteen years.

In *Crisp v. State*, 643 S.W.2d 487 (Tex. App.1982), aff'd, *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983) and 661 S.W.2d 956 (Tex.Cr.App.1983), the court held the purported amendments to art. 4476-15 § 4.05 contained in ch. 268 unconstitutional and void. Accordingly, these statutes remained in effect as they existed before these purported amendments.

The indictment in this case alleged a *third-degree* felony offense under art. 4476 § 4.05(d), (e) (1976). The appropriate range of punishment for this offense, where it is shown that the defendant has been once before convicted of any felony, is that specified for a second-degree felony, namely, confinement for a term of not more than twenty years or less than two years, to which the jury may add a fine not to exceed $10,000. Tex.Pen.Code Ann. § 12.42(a), art. 4476-15 § 4.01(b)(2).

■ Thus, in this case the jury was incorrectly instructed that the term of confinement which it could impose was life imprisonment or any term not less than five years or more than ninety-nine years, when the jury was authorized by law only to impose a term of confinement not more than twenty or less than two years. The jury assessed punishment at a term of confinement (fifteen years) that it was *authorized* to assess under art. 4476-15 § 4.01(b)(2), but *might not have* assessed had it been properly instructed as to the range of punishment. We agree with appellant that the error in the court's instructions regarding the range of punishment which the jury could impose requires reversal. In *Steele v. State*, 46 Tex.Cr.R. 337,

81 S.W. 962, 963 (Tex.Cr.App.1904), the court stated:

Appellant complains of the charge of the court in submitting a punishment not authorized by law. The court instructed the jury, in case they found appellant guilty, to assess his punishment at confinement in the penitentiary for a term of not less than two nor more than ten years. The law fixes the minimum punishment at two years, and the maximum at only seven years. This charge was excepted to. The jury assessed the punishment of appellant at five years confinement in the penitentiary. We have held in a number of cases that where the court misdirected the jury as to the maximum punishment, but correctly instructed them as to the minimum punishment, and the jury assessed the punishment at the lowest, there was no injury shown. [citations omitted] But would the same rule apply where the jury assessed a punishment in excess of the lowest term authorized by law? We believe not. In this case the jury, in fixing the punishment, was told by the court that they could give appellant as much as ten years, when, according to the law, they could only give him a maximum of seven years. They were bound to take the law from the court, and, in assessing the punishment, no doubt took into consideration the maximum as given by the court as the law of the case. We cannot say that this direction did not injure appellant's rights, but on the contrary, in our opinion, it was calculated to do so.

■ Similarly, where the evidence is insufficient to support a conviction for a first-degree felony, but sufficient to support a conviction for a lesser-included second-degree felony offense, an appellate court may not merely sustain the conviction if the punishment assessed by the jury was within the range authorized for the second-degree felony, on the assumption that the jury would have assessed the same punishment if it had been instructed to assess a punishment within that range. Rather, the court must reverse and remand

for a new trial. *Moss v. State*, 574 S.W.2d 542, 545 (Tex.Cr.App.1978).

 The conviction cannot be sustained on the ground that appellant failed to object to the charge on the range of punishment. Before the decision in *Crisp*, the amendments to art. 4476–15 were assumed to be constitutional, and on that assumption the court's charge would have been correct, and not subject to any objection. We may not reform the sentence, and because the jury assessed punishment we may not remand solely for a redetermination of punishment under the proper standards, but rather we must reverse the judgment and remand the cause for a new trial. *Thomas v. State*, 589 S.W.2d 129 (Tex.Cr.App.1979).

The judgment is reversed and the cause is remanded to the trial court for a new trial.