**Stanley Junior GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0328–CR.**

Court of Appeals of Texas, Amarillo.

May 30, 1984.

Mark C. Hall, O'Shea & Hall, P.C., Lubbock, for appellant.

Kirk Palmer, Asst. Dist. Atty., Levelland, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

A jury convicted appellant of delivery of more than four ounces and less than five pounds of marihuana, art. 4476–15, § 4.05(a), Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982), and assessed his punishment at three years confinement in the penitentiary. Art. 4476–15, § 4.05(b)(4), Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1982); Tex.Penal Code Ann. § 12.33 (Vernon 1974). He attacks the conviction by five grounds of error. We reverse and remand.

We will initially resolve appellant's first ground, by which he attacks the constitutionality of the statute under which he was convicted. Appellant was charged with delivering more than four ounces and less than five pounds of marijuana to an undercover law enforcement officer. The delivery occurred on November 10, 1981 and appellant was convicted on August 24, 1982. Appellant was tried under article 4476–15, § 4.05, Tex.Rev.Civ.Stat.Ann. as amended by House Bill 730, passed by the 1981 Texas Legislature.

Prior to the 1981 amendment, appellant's activities, while still illegal, would have been punishable under § 4.05 as a third-degree felony. Art. 4476–15, § 4.05, Tex. Rev.Civ.Stat.Ann. (Vernon 1976). Under the 1981 amendment, the penalty was elevated to a second-degree felony, art. 4476–15, § 4.05(b)(4), (Vernon Supp.1982), and the jury was instructed on the punishment range for a second-degree felony. The three-year sentence imposed by the jury was within the range of punishment permissible under either the pre-1981 statute or the 1981 amendment.

The constitutionality of House Bill 730 was resolved by the Court of Criminal Appeals in *Ex parte Crisp*, 661 S.W.2d 944, 947–48 (Tex.Crim.App.1983), when the court held that the caption of the 1981 amendment violated art. III, § 35, of the Texas Constitution, thus rendering the bill unconstitutional. Thus, appellant is correct when he says he was tried under an unconstitutional statute.

The more difficult question, at this time, is whether appellant is entitled to a new trial. In striking down House Bill 730, the Court of Criminal Appeals observed that article 4476–15 "stands as though H.B. 730 had never been enacted." *Crisp*, 661 S.W.2d at 948. Thus, the proper range of punishment for appellant's offense was two to ten years in the penitentiary and a fine of up to $5,000.00. Art. 4476–15, §§ 4.01(b)(3); 4.05(b), (e), Tex.Rev.Civ.Stat. Ann. (Vernon 1976); Tex.Penal Code Ann. § 12.34 (Vernon 1974). Because the three years assessed appellant was within that range it is at least arguable that he was not harmed by the jury's consideration of an incorrect range of punishment. The Corpus Christi Court of Appeals has adopted that posture and treated the matter as harmless error. *See, e.g., Moya v. State*, 663 S.W.2d 680, 682–83 (Tex.App.— Corpus Christi 1983, no pet.); *Torres v. State*, 667 S.W.2d 190 (Tex.App.—Corpus Christi, 1983, pet. granted).

By contrast, the Austin Court of Appeals has held that a new trial is required in such circumstances, at least if the punishment

exceeds the minimum available under the correct statute. *Sanchez v. State,* 666 S.W.2d 659 (Tex.App.—Austin, 1984, no pet.). The Austin Court pointed out the jury "assessed punishment at a term of confinement ... that it was *authorized* to assess [under the 1981 amendment] but *might not have* assessed had it been properly instructed as to the range of punishment."

We believe *Sanchez* represents the correct resolution of the problem. A defendant is entitled to a correct instruction on the range of punishment and we are not willing to assume he is not harmed if the jury is told it can assess more than the law permits and it assesses more than the minimum available under the correct range. The range of punishment is society's statement of the seriousness of the crime and necessarily influences the jury in its punishment decision. We hold, therefore, that a defendant is entitled to a new trial when the jury is erroneously instructed that the maximum punishment is greater than the law allows and it assesses more than the minimum punishment available under a correct instruction. *Accord, Steele v. State,* 46 Tex.Cr.R. 337, 81 S.W. 962, 963 (Tex.Crim.App.1904). Therefore, we sustain appellant's first ground of error.

By his second ground of error, appellant contends he was entitled to a limiting instruction, at the punishment phase of the trial, on extraneous offenses placed in evidence during the guilt or innocence phase of the trial. We note that appellant first injected the extraneous offenses into evidence by his cross-examination of a State's witness. Under a similar record, the Court of Criminal Appeals held, in *Carpenter v. State,* 665 S.W.2d 122 (Tex.Crim.App.1984) (unpublished) that such an instruction is not required if appellant first places the extraneous offenses in evidence. Although the unpublished opinion is not precedent, our examination of the authorities it cites compels us to reach the same conclusion, for the same reasons. *See, e.g., Stephens v. State,* 522 S.W.2d 924, 927 (Tex.Crim.App.1975); *Shumake v. State,* 502 S.W.2d 758, 760 (Tex.Crim.App.1973); *Joshlin v. State,* 488 S.W.2d 773, 777 (Tex. Crim.App.1973). Ground of error two is overruled.

By his third ground, appellant questions the admissibility of the marihuana he sold to the undercover officer. Appellant contends the chain of custody was broken, and the evidence tampered with, because the marihuana weighed two ounces less at the chemist's laboratory than it weighed when appellant sold it to the officer. Apparently appellant purported to sell the officer sixteen ounces and the quantity delivered to the chemist weighed fourteen ounces. Although the fate of the missing two ounces leads to interesting speculation, we cannot conclude that its absence breaks the chain of custody and precludes the admission of the remaining fourteen ounces. The problem is, at best, one of weight, not admissibility. *Darrow v. State,* 504 S.W.2d 416, 417 (Tex.Crim.App.1974). Ground of error three is overruled.

By his fourth ground, appellant contends he should have been allowed to attack the credibility of the undercover officer by asking him about weight discrepancies in other marihuana purchases he had made. Within the context of the record before us, the trial court did not err in refusing to permit appellant to pursue the matter. It is remote from any significant issue in the case and would only distract the jury from the material issues before it. *Taylor v. State,* 612 S.W.2d 566, 571 (Tex. Crim.App.1981); *Perez v. State,* 590 S.W.2d 474, 480 (Tex.Crim.App.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2157, 64 L.Ed.2d 790 (1980). Ground of error four is overruled.

By his fifth ground, appellant complains about a portion of the State's final argument to the jury. We will not resolve the ground because, if sustained, it would not give appellant any greater relief than he has already received and the argument in question probably will not be repeated on retrial.

The judgment of conviction is reversed and the case is remanded to the trial court.