**Patricio E. MOYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 198–84.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1984.

Juan Martinez Gonzales, New Braunfels, for appellant.

Thomas L. Bridges, Dist. Atty. and John Gilmore, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of unlawful delivery of a controlled substance. Punishment was assessed at 15 years and a fine of $10,000. The Court of Appeals affirmed the conviction. *Moya v. State*, 663 S.W.2d 680 (Tex.App.1983). We granted appellant's petition for review to consider the ground of error complaining of denial of the motion to quash the indictment.

■ The indictment alleged delivery of a quantity of cocaine "of more than 28 grams but less than 200 grams" on June 9, 1982. This quantity would have constituted aggravated delivery under Sec. 4.031(c) of the Controlled Substances Act (Art. 4476–15, V.A.C.S.) as amended by Acts 1981, 67th Leg., p. 698, ch. 268, eff. Sept. 1, 1981. That Act, however, was held unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983), on grounds of a defective caption to the bill. Appellant's motion to quash asserted the caption to the bill was defective and relied, inter alia, on *Crisp v. State*, 643 S.W.2d 487 (Tex.App. 1982), which was subsequently affirmed in *Ex parte Crisp*, supra. The Court of Appeals in this case overruled appellant's ground of error for the reason that the indictment was still sufficient to allege delivery of cocaine under the law in effect prior to enactment of the 1981 amendment. Such holding is in accord with this Court's decision in *Ex parte Crisp*, supra, upon which the Court of Appeals relied. Because the indictment was sufficient to allege an offense, appellant's motion to quash was without merit and properly overruled.

■ The Court of Appeals in this case further held that because the punishment assessed was within the range allowed under the applicable law, i.e. the law in effect before the 1981 amendment, the erroneous jury charge on punishment submitting the greater range of punishment allowed under the unconstitutional 1981 amendment did not present reversible error. We will also undertake an examination of this issue.

Appellant was charged with and convicted of delivery of cocaine. This substance is listed in Penalty Group 1, Art. 4476–15, Sec. 4.02(b)(3)(D), V.A.C.S. The law in effect before the unconstitutional 1981 amendment classified delivery of a controlled substance in penalty group 1 as a first degree felony. Art. 4476–15, Sec. 4.03, *Texas Drugs & DWI Handbook*, p. 88. The punishment range for a first degree felony under the Controlled Substances Act, prior to the unconstitutional 1981 amendment, was confinement for life or any term of years not more than 99 nor less than five. There was no provision for a fine. See Art. 4476–15, Sec. 4.01, *Texas Drugs & DWI Handbook*, p. 73. Accordingly, the fine assessed in this case was not authorized by law. The verdict on punishment in this case was therefore void at its inception and must be set aside. *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983).

The judgments of the trial court and the Court of Appeals are reversed and the cause is remanded.