Maria Teresa **URIBE, and Alba Nubia Correa, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 223–84, 224–84.**

Court of Criminal Appeals of Texas, En Banc.

April 17, 1985.

---

Fred Reynolds, Mike DeGeurin, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty., and Eleanor Montague and Jack Millin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PETITION FOR DISCRETIONARY REVIEW

THOMAS G. DAVIS, Judge.

Appellants were charged in separate indictments with the offense of possession of at least 400 grams of cocaine with intent to deliver. Appellants were tried jointly before a jury, which found appellants guilty and assessed punishment for each appellant at 25 years. The Fourteenth Court of Appeals (Houston) affirmed the convictions. *Uribe v. State*, (Nos. A14–83–100 and 101–CR, delivered December 22, 1983). We granted appellants' petition for discretionary review to examine the Court of Appeals' holding that the jury's assessment of punishment was lawful even though the jury was instructed on a range of punishment not authorized by law.

Appellants committed these offenses on August 21, 1982. They were indicted on October 8, 1982. Trial began on November 30, 1982 and concluded on December 8.

House Bill 730, purporting to amend the Controlled Substances Act, appeared to become effective on September 1, 1981. Accordingly, the trial court charged the jury on the range of punishment set by H.B. 730, as follows:

"Our statute provides that the punishment for possession with intent to deliver a controlled substance, namely cocaine, weighing at least 400 grams by aggregate weight, including any adulterants and dilutants is confinement in the Texas Department of Corrections for life or for any term of years not less than fifteen (15) years nor more than ninety-nine (99) years, and the Jury, in its discretion, may, if it chooses, assess a fine in any amount not to exceed $250,000.00 in addition to confinement in the Texas Department of Corrections.

"Therefore, you will assess the punishment of the defendant ... at confinement in the Texas Department of Corrections at life or any term of years not less than fifteen years nor more than ninety-nine years, and, if you choose to assess a fine in addition to such confinement, you will assess such fine in an amount not to exceed $250,000.00."

See 1981 Tex.Gen.Laws, ch. 268, Sec. 2 at 698.

In *Ex parte Crisp*, 661 S.W.2d 944 (Tex. Cr.App.1983) this Court held the purported amendment to be unconstitutional and invalid, and further held that, as a consequence, "the Controlled Substances Act stands as though H.B. 730 had never been enacted."

The pre-amendment law set the punishment for appellants' offense at confinement for life or for a term of not more than 99 years or less than 5 years. 1973 Tex. Gen.Laws, Ch. 429, Sec. 4.01(b)(1), p. 1148 (setting punishment for first degree felony) and Sec. 4.03(a) & (b)(1) (making possession with intent to deliver a Penalty Group 1 drug a felony of the first degree); 1979 Tex.Gen.Laws, ch. 598, Sec. 6, p. 1288 (adding cocaine to Penalty Group 1). The Court of Appeals' opinion states that the

pre-amendment law also provided for a fine not to exceed $20,000.00. The statement is incorrect; there was no provision for a fine.

As a result of our decision in *Crisp,* supra, appellants' offense was subject to the range of punishment set out in the pre-amendment law, as detailed in the preceding paragraph.

The trial court charged the jury on the 1981 amendment range of punishment, which was more severe than the pre-amendment range in three respects:

(1) the minimum term of confinement was greater by 10 years;

(2) the effect of the 15-year minimum term precluded the jury from recommending probation (see Art. 42.12, Sec. 3a, V.A.C.C.P.); and

(3) the jury was told it could assess a fine of up to $250,000.00.

Thus the issue before us is: Must appellants have a new trial because the court submitted to the jury a range of punishment more severe than that authorized by law, even though the jury assessed punishment within the lawful range?

The Courts of Appeals have divided over the issue. In *Sanchez v. State,* 666 S.W.2d 659 (Tex.App.—Austin 1984, no pet.) (per curiam), the Third Court of Appeals reasoned as follows:

"Thus, in this case the jury was incorrectly instructed that the term of confinement which it could impose was life imprisonment or any term not less than five years or more than ninety-nine years, when the jury was authorized by law only to impose a term of confinement not more than twenty or less than two years. The jury assessed punishment at a term of confinement (fifteen years) that it was *authorized* to assess under art. 4476–15 Sec. 4.01(b)(2), but *might not have* assessed had it been properly instructed as to the range of punishment. We agree with appellant that the error in the court's instructions regarding the range of punishment which the jury

could impose requires reversal...." (Emphasis in original).

In *Gonzales v. State,* 672 S.W.2d 618 (Tex.App.—Amarillo 1984, no pet.) the Seventh Court of Appeals wrote as follows: "Prior to the 1981 amendment, appellant's activities, while still illegal, would have been punishable under Sec. 4.05 as a third-degree felony. Art. 4476–15, Sec. 4.05, Tex.Rev.Civ.Stat.Ann. (Vernon 1976). Under the 1981 amendment, the penalty was elevated to a second-degree felony, art. 4476–15, Sec. 4.05(b)(4), (Vernon Supp.1982), and the jury was instructed on the punishment range for a second-degree felony. The three-year sentence imposed by the jury was within the range of punishment permissible under either the pre-1981 statute or the 1981 amendment.

" . . .

"We believe *Sanchez* represents the correct resolution of the problem. A defendant is entitled to a correct instruction on the range of punishment and we are not willing to assume he is not harmed if the jury is told it can assess more than the law permits and it assesses more than the minimum available under the correct range. The range of punishment is society's statement of the seriousness of the crime and necessarily influences the jury in its punishment decision. We hold, therefore, that a defendant is entitled to a new trial when the jury is erroneously instructed that the maximum punishment is greater than the law allows and it assesses more than the minimum punishment available under a correct instruction...."

By contrast, in *Torres v. State,* 667 S.W.2d 190 (Tex.App.—Corpus Christi, 1983, pet. granted) the trial court authorized the jury to assess life or a term of years not more than 99 or less than 5, and a fine not to exceed $50,000.00. Again as a result of *Crisp,* however, the punishment authorized by law was a term of years not more than 10 or less than 2. The jury assessed 10 years. The Thirteenth Court of Appeals held that no reversible error was shown

since the penalty imposed on defendant was within the range provided for by the pre-amendment statute.

Likewise in *Moya v. State*, 663 S.W.2d 680 (Tex.App.—Corpus Christi, 1983) rev'd, 681 S.W.2d 41 (Tex.Cr.App.1984), the trial court authorized the jury to assess life or a term of 5 to 99 years and a fine of up to $50,000.00, whereas the pre-amendment statute authorized the same range of confinement but no fine. The jury assessed 15 years and a fine of $10,000.00. The Thirteenth Court of Appeals affirmed, finding no harm to defendant from the misdirection in the jury charge. We reversed on the ground that defendant was assessed a punishment not authorized by law (a fine). *Moya v. State* 681 S.W.2d 41 (Tex.Cr.App. 1984).

In the instant case, the Court of Appeals affirmed the convictions on the ground that the punishment assessed—25 years—was within the range provided by the pre-amendment law.

In *Stein v. State*, 515 S.W.2d 104 (Tex. Cr.App.1974), a similar issue was presented to this Court. The Legislature sought to amend Art. 6701d, V.A.C.S., by adding Sec. 186 to create the offense of fleeing or attempting to elude a police officer. The amendment prescribed the penalty for the offense to be imprisonment for not less than 30 days nor more than 6 months, or a fine of not less than $100.00 nor more than $500.00, or both fine and imprisonment.

Article 6701d, supra, already had a general penalty provision in Sec. 143, punishing violations of the Act by a fine of not less than $1.00 nor more than $200.00.

A jury found defendant guilty of the offense of wilfully fleeing from a police officer. On appeal, defendant challenged the constitutionality of the amendment creating the offense for its failure to comply with the caption requirement of Art. 3, Sec. 35 of the Texas Constitution. The caption read, in pertinent part, "adding Section 186 on fleeing or attempting to elude a police officer."

This Court held that, because the caption to the amending Act failed to give notice of the penalty provision of Sec. 186, the penalty provision failed to meet the constitutional requirement and was void. The amendment did contain a severability clause. Applying the severability clause and that portion of Art. 3, Sec. 35 which provides, "such act shall be void only as to so much thereof, as shall not be so expressed" in the caption, the Court held the subsection of the amendment defining the offense to be valid and enforceable. The Court went on to note that the penalty for violation of the new Sec. 186 would be as defined in the general penalty provision, Sec. 143.

Thus in *Stein,* as in the instant case, defendant's act violated a valid law in force at the time of his offense. Again as in this case, the trial court submitted to the jury the penalty range prescribed by the invalid amendment. The penalty range submitted to the jury, as in the instant case, was more severe than that authorized by the valid, pre-amendment law.

The court in *Stein* instructed the jury that the minimum fine was $100.00, and the jury assessed a fine in that amount. A fine in that amount was authorized by the pre-amendment law, which provided a range from $1.00 to $100.00. This Court granted a new trial, holding that "the error reciting the minimum punishment in the court's charge is harmful especially in view of the fact that the jury assessed the minimum punishment authorized under the charge."

In *Sanchez,* supra, and *Gonzales,* supra, the void amendment purported to increase the maximum penalty. Accordingly, the trial court instructed the jury on a maximum penalty greater than that authorized by law. Likewise in *Stein,* the void amendment purported to increase the maximum penalty and the trial court instructed the jury on a maximum penalty greater than that authorized by law. It may be argued, therefore, that the instant case is distinguishable on this ground. In the instant case, the void amendment and the pre-amendment law both provided for a maximum confinement of life or 99 years. In

*Sanchez, Gonzales,* and *Stein* the jury is told that the law denounces the offense by prescribing a certain maximum punishment—a maximum punishment greater than the law in fact provides. The court's misdirection thus harms the defendant because the jury is instructed to consider his offense as more serious than the law grades it. Although the jury assessed punishment within the lawful range, an appellate court will not presume that the jury would have assessed the same punishment if the jury had been correctly instructed that the law holds the offense to deserve a lesser maximum punishment.

But, it may be argued further, in the instant case the jury is correctly instructed on the maximum term of confinement. The case therefore falls outside the rationale of *Sanchez, Gonzales,* and *Stein,* and no harm is shown.

This argument ignores two factors. First, the void amendment sought to add a discretionary fine of up to $250,000.00. Thus the jury was instructed that the maximum punishment authorized was not confinement for life only, as the pre-amendment law provided, but confinement for life and a fine of a quarter of a million dollars.

Second, the law provides not only a maximum punishment, but a minimum as well. The Controlled Substances Act as it stood when appellants were tried punished their offense by confinement for life or for any term of not more than 99 years or less than 5 years. Ordinary first-degree felonies are punishable by the same range of confinement and a discretionary fine not to exceed $10,000.00. V.T.C.A. Penal Code, Sec. 12.-32. In its present form, the Controlled Substances Act punishes first-degree felonies (for which a specific punishment is not otherwise provided) by the same range of confinement and a discretionary fine of up to $20,000.00. Art. 4476–15, Sec. 4.01(b)(1), V.A.T.S. The 1981 amendment to the Act raised the minimum punishment for appellant's offense to 15 years confinement, and added a discretionary fine not to exceed $250,000.00. This punishment is in force at present. Art. 4476–15, Sec. 4.03(d)(3), supra.

Thus, within the category of first-degree felony, our law has provided a stair-step of incremental punishment ranges. The law establishes the next higher step not only by adding a fine, then increasing the fine, but also, at the top, by raising the minimum term of confinement. The potential severity of the punishment increases at each step. The last step curtails the potential leniency authorized in lower steps.

In the instant case, the trial court not only instructed the jury that the law authorized a large fine, but also withheld from the jury the authority to assess a minimum term of five years and to consider recommending probation if appellants were eligible. As in *Stein,* "the error reciting the minimum punishment in the court's charge is harmful ..."[1] We do not read the expression of the holding in *Stein* to condition reversal upon a jury's assessment of the minimum punishment authorized in the court's charge.

Finally, defense counsel in *Stein* recognized the constitutional infirmity of the amendment, moved to quash the indictment on that ground, specially requested a charge on the correct range of punishment, and objected to the submission of the range

---

1. Moreover, during jury argument in the instant case, the prosecutor emphasized the effect of the increased minimum punishment, stating:

    "With respect to the drug laws, consider this. Consider the effect—[Defense counsel] argued about the severity of the penalty. That's true. But it is a three-year legislature. You ladies and gentlemen, the citizens of Texas, have decided on this law through your legislators. You decided the minimum punishment would be fifteen years. In Texas, there is no probation possible for anybody who gets more than ten years. The legislature, therefore, made a conscious decision not to allow probation in a case in which the amount carried is so great."

    The prosecutor's argument makes the harmful effect of the error more vivid than in *Sanchez, Gonzales,* and *Stein,* which do not discuss or rely on the State's use during jury argument of the misdirection in the charge. Nevertheless, the harm originates in the misdirection in the charge, and our decision rests on this ground, not the compounding of the harm in jury argument.

provided by the invalid portion of the amendment. The analysis in *Sanchez*, supra, and *Gonzales*, supra, focused on the harm to the defendant, as does our analysis in the instant case. The fact that defense counsel in *Stein* displayed extraordinary acumen in identifying the constitutional problem before trial does not shift the focus of the analysis. The rationale is not altered by the presence or lack of an objection.

The submission to the jury of a penalty range more severe than that authorized by law deprived appellants of a fair and impartial trial, even though the jury assessed punishment within the lawful range. Art. 36.19, V.A.C.C.P.; Stein v. State, supra.

The judgment of the Court of Appeals is reversed and the causes are remanded to the trial court.