Douglas Tinker, Eric G. Brown, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., and John Gilmore, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

**Nerio M. TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 288–84.**

Court of Criminal Appeals of Texas, En banc.

Oct. 30, 1985.

---

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant upon his plea of "not guilty" of delivery of marihuana of more than 50 pounds but less than 200 pounds. The jury assessed punishment at 10 years' confinement. The Thirteenth Court of Appeals (Corpus Christi) affirmed the conviction. *Torres v. State,* 667 S.W.2d 190 (Tex.App.—Corpus Christi, 1983). We

granted appellant's petition for discretionary review to examine the Court of Appeals' holding that the jury's assessment of punishment was lawful because it was within the lawful range of punishment even though the jury was instructed on a range of punishment not authorized by law.

Appellant committed the offense on October 20, 1981 and was convicted in March, 1982. The trial court instructed the jury on the range of punishment in accord with House Bill 730 which purported to amend the Controlled Substances Act, V.A.C.S., Art. 4476–15, and which appeared to become effective on September 1, 1981. In accord with H.B. 730 the court instructed the jury that:

> Our statute provides that the punishment for the offense of Delivery of Marijuana of 200 pounds or less but more than 50 pounds shall be confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine not to exceed $50,000. . . .

See 1981 Tex.Gen.Laws, ch. 268, Sec. 4.05(d)(1) at p. 702.

In *Ex Parte Crisp*, 661 S.W.2d 944 (Tex. Cr.App.1983) this Court found the amendment, H.B. 730, unconstitutional and determined that V.A.C.S., Art. 4476–15 stands as though H.B. 730 had never been enacted.

Under pre-amendment law the punishment range for appellant's offense was not more than 10 years or less than two years. See V.A.C.S. Art. 4476–15, Sec. 4.05(e) and Sec. 4.01(b)(3) (Vernon's 1976). Because of our decision in *Ex Parte Crisp*, this pre-amendment punishment range applied to appellant's offense.

In the instant case, the jury was instructed in accord with the void amendment that the maximum punishment was 99 years and the minimum was 5 years. Although the ten years actually assessed by the jury is within the pre-amendment range of not more than 10 years or less than 2 years, "[t]he court's misdirection thus harms the defendant because the jury is instructed to consider his offense as more serious than the law grades it. Although the jury assessed punishment within the lawful range, an appellate court will not presume that the jury would have assessed the same punishment if the jury had been correctly instructed that the law holds the offense to deserve a lesser maximum punishment." *Uribe v. State*, 688 S.W.2d 534, 538 (Tex. Cr.App.1985). The jury assessed punishment at the lower end of the penalty range upon which they were instructed. The harm to appellant is obvious because this punishment is the *maximum* punishment for the pre-amendment punishment range, which range applies to appellant.

The instant case is controlled by our recent decision in *Uribe*. In *Uribe*, the jury was instructed that the punishment range was confinement for life or not less than 15 years nor more than 99 years and a $250,000 fine. The pre-amendment range was confinement for life or not less than 5 years or more than 99 years and no fine. The jury assessed punishment at 25 years' confinement, within the pre-amendment punishment range. We reversed, holding that "[t]he submission to the jury of a penalty range more severe than that authorized by law deprived appellants of a fair and impartial trial, even though the jury assessed punishment within the lawful range. Art. 36.19, V.A.C.C.P. *Stein v. State*, supra." *Uribe*, 688 at 539.

Consistent with our decision in *Uribe*, we reverse the judgment of the Court of Appeals and remand the case to the trial court.

McCORMICK, J., not participating.