Ex parte Curtis Ell WHITE.

No. 69724.

Court of Criminal Appeals of Texas,
En Banc.

March 11, 1987.

Curtis Ell White, pro se.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Caprice Cosper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P. See *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967).

Applicant was indicted for the felony offense of aggravated robbery and pled not guilty. He was convicted by a jury of aggravated robbery. After finding the enhancement paragraph to be true, the jury assessed punishment at fifty years' imprisonment. This conviction was affirmed. *White v. State*, 625 S.W.2d 835 (Tex.App.— Houston [14th Dist.1981]).

In his sole ground for relief in his habeas application appellant contends the trial court committed fundamental error when it submitted to the jury a charge that authorized a more severe range of punishment than that permitted by law. He contends that while aggravated robbery (V.T.C.A., Penal Code, § 29.03) is a first-degree felony, the punishment for which is set out in V.T.C.A., Penal Code, § 12.32,[1] and which authorizes in addition to imprisonment a fine not to exceed $10,000, that the proper range of punishment, in light of the prior felony conviction alleged and proved for enhancement of punishment, was under the provisions of V.T.C.A., Penal Code, § 12.-

---

1. Said § 12.32 provided:

"(a) An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of years not more than 99 years or less than 5 years.

"(b) In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000."
(Amended by Acts 1979, 66th Leg., p. 1058, ch. 488, § 1, eff. Sept. 1, 1979.)

42(c), which at the time of the commission of the offense did not authorize a fine.[2]

Although the jury did not assess a fine in applicant's case as in *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983), or *Releford v. State*, 683 S.W.2d 385 (Tex.Cr.App. 1984),[3] the applicant, relying upon *Uribe v. State*, 688 S.W.2d 534 (Tex.Cr.App.1985), contends he was deprived of a fair and impartial trial.[4]

Applicant has not attached a copy of the court's charge or other portions of the record to support his allegations as to the manner of the submission of the range of punishment, and other than citing *Uribe* gives no reasons why the error, if any, in light of the trial as a whole entitles him to the relief sought. The habeas application, when presented to the convicting court, was ordered forwarded to this court with the recommendation that relief be denied. There was no evidentiary hearing.

In *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Cr.App. 1985), this Court first discussed its decision in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1985) (Opinion on State's Motion for Rehearing), and noted in Part II thereof that "finding error in the court's charge to the jury begins—not ends—the inquiry."

There in *Maldonado* at p. 116 the Court, speaking through Judge Clinton, stated:

"In a postconviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief. In the context of an allegation of an egregiously erroneous charge, one which rises to the level of having denied the applicant a fair and impartial trial,

this requirement of pleading will be strictly pursued. In other words, it is not sufficient that the petition allege the denial of a fair and impartial trial or due process of law, which are mere conclusions of law; neither is it adequate to allege the bare fact that the court's charge was somehow erroneous.

"Rather, the applicant must allege the reasons a given error in the charge, in light of the trial as a whole, so infected the procedure that the applicant was denied a fair and impartial trial. Once alleged, the burden on the applicant to prove such a denial is heavy and cannot be carried by merely attaching a certified copy of the court's charge to the application for writ of habeas corpus, as was done here."

*Uribe* was decided after *Almanza*, but did not mention *Almanza*. When properly presented, this Court may well be faced with a *Uribe* and *Almanza* situation and will have to resolve the conflict, if any.

In the instant case, considering the condition of the allegations, the absence in this record of even the court's charge or other essential portions of the trial record, we cannot conclude the applicant is entitled to the collateral relief requested. The habeas application is accordingly dismissed. This dismissal is without prejudice to applicant's right to replead and support his allegations with adequate reasoning, argument and testimonial and recorded evidence which illustrates that the error in the charge, if any, so infected the trial process as to deny him a fair and impartial trial. See and cf. *Maldonado*.

---

**2.** V.T.C.A., Penal Code, § 12.42(c), provided at the time of the commission of the offense charged (Oct. 31, 1979) and at the time of appellant's 1980 trial:

"(c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years."

Now see said § 12.42(c), as amended in 1985, to include the possibility of a fine not to exceed $10,000 (Acts 1985, 69th Leg., p. 582, § 1, eff. Sept. 1, 1985).

**3.** There being no fine imposed, there is no reformation question presented as in *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Cr.App. 1985), and *Ex parte Youngblood*, 698 S.W.2d 671 (Tex. Cr.App.1985).

**4.** In *Uribe*, 688 S.W.2d at 539, it was stated:

"The submission to the jury of a penalty more severe than that authorized by law deprived appellants of a fair and impartial trial, even though the jury assessed punishment within the lawful range."

The application is dismissed without prejudice.

It is so ordered.