Donald **CARTWRIGHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–90–073 CR.

Court of Appeals of Texas, Beaumont.

April 10, 1991.

Discretionary Review Granted
July 3, 1991.

George Barron, Orange, for appellant.

Steve Howard, County Atty., Walter Patterson, Asst. County Atty., Orange, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Donald Cartwright of delivery of a controlled substance. Appellant pleaded "true" to one enhancement allegation, and the jury assessed punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. We will address appellant's four points of error out of order.

Point of error two contends the trial court erred in admitting State's Exhibit No. 6, the laboratory report of Bill McClain. At the time the report was made, McClain was employed by the Jefferson County Crime Laboratory. Jake Jacobson held that position at the time of trial. He testified that the report was made by a person with knowledge of the information shown on that record and it was a practice of his office to make such records. Defense counsel objected as follows:

[Defense counsel]: Your Honor, I would ask the Court to strike it as not being prudent. He did not meet the predicate. It would have to be Bill McClain or somebody that was there at that time.

. . . .

[Defense Counsel]: Your Honor, the law is the law and he has to prove chain of custody. He can't do it without personal knowledge.

THE COURT: Chain of custody on a business record? State's Six is admitted.

State's Exhibit No. 6 is the laboratory report containing the analyzing chemist's specific findings that the substance in State's Exhibit No. 1 was cocaine. State's Exhibit No. 1 is the small paper envelope containing the white substance that was analyzed. The state need not produce the person who prepared the report in order to meet the predicate for admission of business records. *See* TEX.R.CRIM.EVID. 803(6). An objection to the admission of evidence must be reasonably specific so as to apprise the court of its legal basis. A mere predicate objection, without more, is insufficient to preserve error. *McCarley v. State*, 763 S.W.2d 630 (Tex.App.—San Antonio 1989, no pet.). Appellant complains for the first time on appeal that Jacobson was not shown to be the custodian of the records, that the report was not shown to be made at the time of the event, that the report was not shown to have been made in the course of a regularly conducted business activity, that it was not shown that it was a regular activity to make the report, and that McClain was not shown to be an expert. These complains were not preserved by a general predicate objection. *Bird v. State*, 692 S.W.2d 65 (Tex.Crim. App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). Furthermore, Jacobson testified without objection that he personally examined the substance contained in State's Exhibit No. 1 and it was cocaine. This testimony that the white substance was analyzed to be cocaine, was identical to the results contained in State's Exhibit No. 6. Any objection to the improper admission of evidence is waived by admission without objection of substantially the same facts. *Nicholas v. State*, 502 S.W.2d 169 (Tex.Crim.App.1973). Point of error two is overruled.

■ Point of error three complains the trial court erred in admitting State's Exhibit No. 7, a laboratory report signed by Jake Jacobson. Defense counsel's objection was "Your Honor, same objection. I don't think he has laid the predicate." Jacobson testified that he prepared the report and conducted the analysis himself. The objection was too general to preserve error. *Bird*, 692 S.W.2d at 70. Both test and report were executed by the witness and were thus not hearsay as to him. Jacobson testified without objection that he personally analyzed the substance and determined that it was cocaine weighing .07 grams. *Nicholas*, 502 S.W.2d at 174. Point of error three is overruled.

■ Point of error four contends it was error to admit State's Exhibit No. 1, the cocaine, into evidence because the state failed to establish the chain of custody. Appellant urges the State failed to establish who received the substance submitted by the Orange Police Department to the Jefferson County Regional Crime Laboratory on August 29, 1988, and what care was actually taken to safeguard this substance from tampering from that time until Mr. Jacobson was hired in May 1989. Appellant did not contend that the evidence was actually tampered with.

Officer Sonnier testified he received the substance from the appellant, that he put it in his pocket where it remained until he turned it over to Officer Butler. Officer Butler testified that he took the substance from Officer Sonnier, placed it in a secure, locked cabinet, then removed it from the cabinet and took it to the crime lab and placed it in the drop box. Jake Jacobson testified that the laboratory was a secure area in 1988, that the evidence was assigned a laboratory case number and kept in a vault in the laboratory, that Bill McClain analyzed the substance on September 8, 1988, and Jacobson personally re-analyzed it on February 15, 1990. The evidence was kept in the laboratory and was found in the location where it was supposed to be, in accordance with standard procedure.

We find the testimony was sufficient to establish a chain of custody. *See Medellin v. State*, 617 S.W.2d 229 (Tex.Crim.App. 1981). Appellant's objection would be to

the weight rather than the admissibility of the evidence. *Jones v. State,* 617 S.W.2d 704 (Tex.Crim.App.1981). Point of error four is overruled.

■ Point of error one avers the trial court erred in permitting the jury to assess a fine exceeding that authorized by law. Delivery of a controlled substance, cocaine, in an amount less than twenty-eight grams, is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than *5 years,* and additionally punishable by a fine not to exceed *$20,000.* Tex.HEALTH & SAFETY CODE ANN. § 481.106 (Vernon 1991). The state prosecuted appellant under Tex.PENAL CODE ANN. § 12.42(c) (Vernon Supp.1991), which provides for a punishment range of life imprisonment or a term of not more than 99 years or less than *15 years,* additionally punishable by a fine not to exceed *$10,000.* The charge in this case contained an instruction which authorized the jury to assess punishment at confinement for life or for a term of not more than 99 years or less than *15 years,* and additionally authorized a fine not to exceed *$20,000.*

Where the jury is charged on and convicts under the enhancement statute, the punishment range stated in Penal Code section 12.42 controls over the general punishment statute. *See Releford v. State,* 683 S.W.2d 385 (Tex.Crim.App.1984). Thus, it was error for the court to instruct the jury that a fine not to exceed $20,000 was authorized.

The state concedes *Uribe v. State,* 688 S.W.2d 534 (Tex.Crim.App.1985), held submission to the jury of a penalty range more severe than that authorized by law deprived appellant of a fair and impartial trial even though the punishment the jury actually assessed was within the lawful range and appellant did not object at trial. *Uribe* was decided after *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) (opinion on rehearing), but did not mention *Almanza.* A later opinion by the court of criminal appeals mentioned the possible conflict between *Uribe* and *Almanza,* but did not resolve it. *Ex parte White,* 726 S.W.2d 149 (Tex.Crim.App.1987).

■ We hold the error urged by appellant is properly reviewed under the standard established by *Almanza.* Appellant did not object at trial; therefore, this court may reverse the trial court only on a showing of egregious harm. *Almanza,* 686 S.W.2d at 171. In contrast to *Uribe,* where the penalty range given in the charge was based on a constitutionally infirm statute, the ranges for confinement and for the fine were authorized by law, but by two different statutes. The error was apparent from the charge. Since there is a valid statute under which appellant could have been assessed a $20,000 fine, it was incumbent upon appellant to object to charging the jury under that statute and thus force the state to elect between the Controlled Substances Act and the enhancement statute. The state's only request for a fine was for the jury to "fill in a fine there, if you feel that is appropriate." The fine actually assessed was within the punishment range under either statute. Appellant has not shown egregious harm. We determine appellant was not deprived of a fair and impartial trial. Tex.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). Point of error one is overruled and the judgement of the trial court affirmed.

AFFIRMED.