**Fito Diaz HERNANDEZ, a/k/a Alberto Hernandez, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–90–152–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 1991.

Yolanda Jurado, Edinburg, for appellant.

Rene Guerra, Theodore C. Hake, Dist. Attorney's Office, Edinburg, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Fito Diaz Hernandez, guilty of voluntary manslaughter and assessed as punishment twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division, plus a $10,000.00 fine. By two points of error, appellant complains that the trial court erred in refusing to grant a mistrial, and that the jury considered the parole law in assessing punishment. We affirm the trial court's judgment.

The State's evidence shows that on June 9, 1989, Officer Jaime Vasquez responded to a call relating to a woman screaming. Upon arrival, he saw appellant running through an alley in a "crouched down manner." Police stopped the appellant. He told them that he had been involved in a fight at his residence. He pointed to the area where Officer Vasquez had first spotted him. Vasquez returned to the house where appellant had initially taken flight. A vehicle was parked in front of the house. Domingo Arrellano's body was partially underneath the vehicle. Arrellano had approximately five stab wounds and twenty cuts and abrasions to his body. Appellant told police that Arrellano came to his residence demanding beer. A fight ensued, and he stabbed Arrellano in the chest.

The defense version of the events, showed that appellant and Arrellano arrived at appellant's residence together. They sat on the front steps and drank beer. Arrellano demanded more beer or money. He then decided to search the house for appellant's wallet. He tackled appellant and tried to choke him. Appellant grabbed a knife, put it to Arrellano's throat and took him outside. They tripped on the front steps and fell. Appellant stabbed Arrellano in the throat.

By point one, appellant complains that the trial court erred in denying his motion for mistrial. He contends that the admission of blood spatter evidence violates the due process clause of the Fourteenth Amendment and the due course of law provision of Article 1, Section 19 of the Texas Constitution. After the defense rested its case, the State called Benjamin Wolfe as a rebuttal witness. Wolfe's testimony concerned a blood spatter investigation which he performed at the crime scene. He said that blood can produce a specific pattern when it contacts a surface. Blood spatter interpretations are used to determine the blood's origin, its distance from the point of origin, the number of blows to the victim, the positions of the attacker and the victim, and whether the victim was moved. Wolfe said that in this case, the blood spatters outside appellant's residence were consistent with violence and a lot of movement. Wolfe found no signs of blood or of a struggle inside the residence.

During Wolfe's cross-examination, the State gave counsel a copy of Wolfe's report and diagram pertaining to his investigation. Counsel told the trial court that she had not previously seen the report or diagram, and, therefore, did not have the opportunity to retain an expert to counter Wolfe's testimony. Counsel also told the trial court that even though she knew that the State listed Wolfe as a witness, she did not know that the State would call him as a rebuttal witness. Counsel made a motion that she be allowed time to retain an expert. The court granted the motion and postponed the case. Later, the trial court denied the motion. Counsel moved for a mistrial on the grounds that she did not receive a copy of Wolfe's report, that she was denied the opportunity to retain an expert, and that Wolfe's testimony had tainted the jury. The trial court denied the motion for mistrial and instructed the jury to disregard Wolfe's testimony. Counsel again moved for a mistrial, and the trial court overruled the motion.

■ Appellant's point of error is directed to the trial court's admission of

Wolfe's testimony. An objection to testimony must be urged at the earliest opportunity in order to preserve error for appellate review. *Marini v. State,* 593 S.W.2d 709, 714 (Tex.Crim.App.1980); *Duenez v. State,* 735 S.W.2d 563, 565 (Tex.App.— Houston [1st Dist.] 1987, pet. ref'd); Tex.R. App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1). Here, in the instant case, appellant did not object to Wolfe's testimony until after he completed testifying on direct-examination. There is nothing preserved for review. In any event, an instruction to disregard is sufficient to cure error unless the testimony is clearly calculated to inflame the minds of the jury and is of such character that it suggests the impossibility of withdrawing the impressions produced. *Livingston v. State,* 739 S.W.2d 311, 335 (Tex. Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *West v. State,* 790 S.W.2d 3, 4–5 (Tex.App.—San Antonio 1989, no pet.). We find nothing to indicate that Wolfe's testimony could not be cured by the instruction.

 By point two, appellant complains that the jury improperly considered the parole law in assessing punishment. He contends that the jury's conduct violated the due process clause of the Fourteenth Amendment and Article 1, Section 19 of the Texas Constitution. After the jurors had retired to deliberate on appellant's punishment, the trial court received a note from the jury which read, "We want to know if the Defendant will serve the full amount of years given by the jury?" The court responded, "You are not to consider the decision of this issue. That is solely up to the authority of the Board of Pardons and Paroles." Appellant asserts that based upon the jurors' question, and their assessment of the maximum punishment, no other conclusion can be reached but that they considered the parole law in assessing punishment.

 If a defendant has not received a fair and impartial trial as a result of jury misconduct, a new trial may be granted. *Beck v. State,* 573 S.W.2d 786, 789 (Tex. Crim.App.1978); Tex.R.App.P. 30(b)(8). To show that a jury's discussion of the parole law constitutes reversible error, the defendant has an onerous burden. He must show that there was: (1) a misstatement of the law; (2) asserted as a fact; (3) by one professing to know the law; (4) which was relied upon by other jurors; (5) who for that reason changed their vote to a harsher punishment. *Callins v. State,* 780 S.W.2d 176, 191 (Tex.Crim.App.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990); *Sneed v. State,* 670 S.W.2d 262, 266 (Tex.Crim.App.1984). To determine if the five requirements were met, the reviewing court must have an adequate record. The record must show that the jury's discussion of parole was such misconduct that denied the defendant of a fair and impartial trial. *Samuels v. State,* 785 S.W.2d 882, 888 (Tex.App.—San Antonio 1990, pet. ref'd). In the instant case, appellant did not allege jury misconduct in his motion for new trial, nor did he present any evidence on this issue. Absent an adequate record, we cannot determine whether the jury's discussion or not of the parole law constituted reversible error.

The trial court's judgment is AFFIRMED.