IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-205-CR





JOSEPH GARY TOLLISON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 91-515-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING



 




 On February 4, 1992, appellant Joseph Gary Tollison pled guilty before a jury to
four counts in the indictment. The jury found appellant guilty and assessed punishment at ten
years' imprisonment for count one (indecency with a child by exposure), twenty years'
imprisonment for count two (indecency with a child by contact), twenty years' imprisonment for
count three (indecency with a child by contact), and sixty years' imprisonment for count four
(aggravated sexual assault of a child). We will affirm the conviction.

 Appellant advances two points of error. First, appellant contends that the trial
court erred in denying his motion for mistrial "in that the State's argument asking jurors to place
themselves in the victim's position was both inflammatory and prejudicial." Second, appellant
claims that the trial court erred in denying his motion for mistrial "in that jurors considered parole
in violation of the court's charge."

 A plea of guilty to a felony charge before a jury admits the existence of all facts
necessary to establish guilt. In such cases, the introduction of evidence is to enable the jurors to
intelligently exercise their legal discretion in assessing punishment. Holland v. State, 761 S.W.2d
307, 312-13 (Tex. Crim. App. 1988); Cumbo v. State, 760 S.W.2d 251, 252 n.2 (Tex. Crim.
App. 1988); Darden v. State, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968). The only function
of the jury is to assess punishment. Allen v. State, 474 S.W.2d 480, 482 (Tex. Crim. App.
1971). In view of appellant's pleas of guilty, the points of error relate only to the issues of
punishment.

 In his first point of error, appellant complains that the trial court erred in denying
a mistrial motion made after the State's improper "argument." The complained-of action occurred
during the State's opening statement to the jury, not during jury argument. Article 36.01(a)(3)
provides that: "(a) A jury being impaneled in any criminal action, except as provided by
subsection (b) of this article, the cause shall proceed in the following order . . . (3) The State's
attorney shall state to the jury the nature of the accusation and the facts which are expected to be
proved by the State in support thereof." Tex. Code Crim. Proc. Ann. art. 36.01(a)(3) (West
Supp. 1993).

 Before the presentation of evidence, the trial court instructed the jury on the order
of trial and informed the jury that a prosecutor's "opening statement is not evidence. It's just to
kind of guide you and direct you as to how he thinks the case is going to proceed." Thereafter,
trial court instructed the jury that it must not consider matters to which an objection has been
sustained or matters "ordered stricken." Again, the trial court cautioned the jurors that opening
statements and closing arguments are not evidence. The jurors were further admonished not to
be influenced by any personal feeling of sympathy for or bias or prejudice against the State or the
defendant.

 In his opening statement, the prosecutor stated:



 With that, I would close and let you make your decision based on the
testimony from the witness stand, as you have to do as your oath as jurors.


 I expect that this evidence will be very illustrative. It may sometimes not
be the most appealing or comfortable type of evidence to listen to. I feel -- I'm in
an awkward position. I have to sponsor this now 10-year-old girl, but that's the
way this system works. This Defendant has an absolute right to have a fair trial,
and in this case only the issue of punishment, his guilt already having been
confessed by him. But to do that, I need to present to you a -- basically still a
child.


 Now, I will tell you, I don't have any reason to expect, due to this child's
intelligence or my perceived intelligence that she possesses, that we may need to
take a break. But if we do, bear with me. It's obviously going to be difficult for
an adult, for each and every one of you to relate some of these things had they,
God forbid, ever happened to you against your will.



(emphasis added). Appellant's counsel promptly objected: "Your Honor, that's improper. You
can't place the jury in the position of the victim." The trial court sustained the objection and the
prosecutor withdrew the statement. The jury was then instructed by the trial court to disregard
the prosecutor's statement. The motion for mistrial was overruled.

 Normally, an instruction by the trial court to the jury to disregard remarks made
in a prosecutor's opening statement will cure the error, if any. Torres v. State, 794 S.W.2d 596,
600 (Tex. App.--Austin 1990, no pet.). In Williams v. State, the Corpus Christi Court of Appeals
wrote:



Although the prosecutor's statements in this instance did not go beyond the nature
of the accusation or the evidence subsequently proffered as proof of the accusation,
the prosecutor did not qualify his assertions as being matters he expected to prove. 
He asserted the ultimate issue of the case as a fact.


However, the trial court instructed the jury as to the purpose of the opening
statement and that the prosecutor's statements did not constitute evidence. The
court's instruction was prompt, plain, and precise, and could leave no doubt in the
jurors' minds as to the proper interpretation of the prosecutor's statements. We
find the curative instruction was sufficient to obviate any possible harm. See
Sweaney v. State, 632 S.W.2d 932, 935 (Tex. App.--Fort Worth 1982, no pet.).



712 S.W.2d 835, 839-40 (Tex. App.--Corpus Christi 1986), reversed and remanded on other
grounds, No. 827-36 (Tex. Crim. App. 1987) (unpublished opinion), opinion on remand, 736
S.W.2d 906 (Tex. App.--Corpus Christi 1987); see also Moya v. State, 663 S.W.2d 680, 684
(Tex. App.--Corpus Christi 1983), reversed on other grounds, 681 S.W.2d 41 (Tex. Crim. App.
1984).

 In the instant case, the prosecutor's remarks in his opening statement, even if
improper, were quickly withdrawn by the prosecutor, the objection was sustained and the jury was
instructed to disregard. The prompt instruction to disregard cured the error, if any. See Johnson
v. State, 698 S.W.2d 154, 167 (Tex. Crim. App. 1985); Blansett v. State, 556 S.W.2d 322, 328
(Tex. Crim. App. 1977); Ramos v. State, 419 S.W.2d 359, 368 (Tex. Crim. App. 1967). The
trial court did not error in overruling the motion for a mistrial.

 If it can be argued that any error as to punishment remained after the trial court's
instruction to disregard, we conclude beyond a reasonable doubt that the error was harmless. 
Tex. R. App. P. 81(b)(2). The prosecutor in his remarks anticipated that there might be a need
to take a break in the trial during the testimony of the child witness because the evidence might
even be difficult for an adult to relate. The prosecutor then stumbled into some awkward
language about any juror relating "these things" if they had happened "to you."

 In view of the withdrawal of the remarks, the instruction to the jury to disregard
the fact that the matter was never mentioned again, and in light of the entire record, including the
twenty-six year old appellant's judicial confessions made from the witness stand that he had
performed the various sexual acts alleged (1) on or in the presence of the complaining witness, who
was nine years old at the time, appellant's prior felony convictions, and the jury arguments, we
conclude, utilizing the test of Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989), that the
error, if any, as to the issues of punishment was harmless. Point of error one is overruled.

 In his second point of error, appellant contends that the trial court erred in denying
the motion for a mistrial--in that the "jurors considered parole in violation of the court's charge."

 At the unitary trial before the jury in which the only issue was punishment, the trial
court in its charge instructed the jury, inter alia, that "[D]uring your deliberations, you are not
to consider or discuss the possible actions of the Board of Pardons and Paroles or how long this
defendant will be required to serve the punishment you assess."

 During the deliberations, the trial court received a note from one juror, Gene
Burkhart, making the following inquiry: "Since I have served before on a criminal case I learned
the life sentence would amount to only 13 years served. Can I tell the other jurors the full
sentence will not be served?" In response, trial court sent a written instruction to the jury
repeating the admonishment given earlier that parole was not to be considered. Appellant's
counsel expressly stated that he had no objection to the supplemental instruction.

 After a brief recess, appellant's counsel informed the trial court that, although he
had not objected to the court's supplemental instruction, it was his belief that a "Mr. Schreider"
was foreman of the jury; that the court had received an inquiry from one juror who was not
foreman; and that the court had responded to the "jury as a whole." Counsel stated that the
inquiry indicated one juror was not following the court's charge, and that information contained
in the inquiry was erroneous as applied to an aggravated offense charge. Counsel then stated: 
"So, I just feel like at this point to protect Mr. Tollison, I need to object to any further
deliberations, as this panel, it's clear, has communicated improperly. There's an improper
consideration being given in violation of paragraph three, page 3 of the charge, and move for a
mistrial." The trial court overruled the objection and denied the mistrial motion. (2)

 To preserve error for appellate review, a defendant must make a timely, specific
objection and obtain a ruling from the trial court. Tex. R. App. P. 52(a). Appellant's objection
to allowing the jury to continue to deliberate because of an improper communication came too
late.

 The State also contends that the trial objection does not comport with the complaint
on appeal and presents nothing for review. Reznac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). We agree. The
thrust of the trial objection was improper communication. The complaint on appeal is that "jurors
considered parole." It is true appellant made passing reference to "improper consideration," but
the record was not developed. No motion for new trial was filed. To show that a jury's
discussion of the parole law constitutes reversible error, a defendant must show (1) a misstatement
of the law, (2) asserted as a fact, (3) by one professing to know the law, (4) which is relied upon
by other jurors, and (5) who for that reason changed their vote to a harsher punishment. Sneed
v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). To determine if the five Sneed
requirements were met, the reviewing court must have an adequate record. Hernandez v. State,
805 S.W.2d 858, 860 (Tex. App.--Corpus Christi 1991, no pet.). The record must show that the
jury's discussion of parole was misconduct that denied the defendant a fair and impartial trial. 
Samuels v. State, 785 S.W.2d 882, 888 (Tex. App.--San Antonio 1990, pet. ref'd). Absent an
adequate record, we cannot determine if there was a jury discussion of the parole law, and if there
was, whether the discussion constituted reversible error. Hernandez, 805 S.W.2d at 860; see also
Tex. R. App. P. 50(d). Point of error number two is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, B. A. Smith and Onion*

Affirmed

Filed: December 15, 1993

Do Not Publish



















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant acknowledged that when he committed the acts he was not under the influence of
anyone or of drugs or alcohol. He stated that he had an "uncontrollable urge."
2. The subsequent verdicts on the four counts were signed by "Mh. Schreider."