John Robert HOLT, Appellant

v.

The STATE of Texas, Appellee.

No. 12–93–00044–CR.

Court of Appeals of Texas, Tyler.

April 28, 1995.

Frank W. Henderson, Beaumont, for appellant.

Edward J. Marty, Tyler, for appellee.

RAMEY, Chief Justice.

The Appellant, John Robert Holt ("Holt"), after a plea of "not guilty," was convicted by a jury of the offense of aggravated robbery. In the punishment phase the jury found the two enhancing offenses alleged in the indictment to be "true," and assessed Holt's punishment at confinement for eighty (80) years. Holt brings five points of error on appeal, assigning error only in the punishment phase. We will affirm the judgment.

Holt's first three points of error [1] assert that the undisputed facts relating to the dates of commission and conviction for the two enhancing offenses prohibit their use, as here, as proof of two prior enhancing felony offenses under Section 12.42(d), Tex.Penal Code. According to the indictment, Holt had twice committed, and had twice been finally convicted of, unauthorized use of a motor vehicle, one conviction having become final on May 14, 1991, the other on October 31, 1989. The evidence, however, shows that the two offenses resulting in those convictions were actually committed only eight days apart—on April 5, 1989 and on April 13, 1989.

> [I]f the State alleges two convictions for enhancement purposes, it must prove that the following sequence occurred: (1) the first conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final; and (4) the present offense was committed.

*Kent v. State,* 879 S.W.2d 80, 83 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Here the more remote conviction was not in fact the first committed. The conviction for the offense committed on April 13, 1989, resulted in a final conviction on October 31, 1989; the conviction for the offense committed on April 5, 1989, did not result in a final conviction until May 14, 1991. Since the first offense did not become final until after the date of

---

1. The specific points of error are that the trial court erred in failing to withdraw the enhancement allegations from the jury and in overruling Holt's objection to the charge, and that the evidence was insufficient to show that the commission of the act leading to the second alleged enhancing conviction occurred after the first conviction became final.

the commission of the second offense, it was improper to use both to enhance Holt's punishment.

■■■ The State argues that the use of these two prior convictions was not reversible error because Holt fails to allege that the indictment mislead him to his prejudice. The State is correct that the purpose of enhancement allegations in the indictment is to give the defendant notice of the earlier convictions so that he can prepare his defense; a variance between the allegations of the indictment and the proof at trial is fatal only if the defendant shows surprise or prejudice. *Earl v. State*, 870 S.W.2d 669, 671 (Tex.App.—Houston [1st Dist.] 1994, no pet.). But here there is no *variation* between the indictment and the proof; nothing in the evidence contradicted any of the facts in the indictment describing the two prior convictions. Rather, the additional facts shown by the proof established conclusively that "double enhancement" could not be based on those two convictions because the required sequence of events did not exist. Thus, the rather liberal rules allowing variances between indictment and proof are not applicable here.

■■■ A finding of error in the proceedings of a criminal case requires reversal "unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." Tex.R.App.P. 81. In applying this standard an appellate court is to focus, not on the outcome of the case, but on the integrity of the trial process, considering the source and nature of the error, the emphasis placed on it by the State, its probable collateral implications, the weight a juror might give it, and whether declaring the error harmless might encourage the State to repeat it. *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Cr.App.1989). The State argues that any error here was harmless because, after receiving evidence of six prior offenses, the jury gave Holt a sentence very near the maximum sentence allowable, eighty years, and thus would not have been much affected by any diminution of the minimum allowable sentence.

Here, the State was the source of the error. The nature of the error was quite significant, since it purported to allow enhancement of Holt's sentence when such was impermissible with the two offenses alleged in the indictment. With respect to whether a declaration that the error harmless might encourage the State to repeat it, we place little emphasis on this factor. The State may well have been misled in good faith by the long duration between the conviction dates into concluding that the offense punished first was first committed. And since the evidence at the punishment phase revealed a number of other convictions that could have been alleged in the enhancement portion of the indictment, the State had no incentive to intentionally allege an ineligible succession of offenses.

With respect to the error's probable collateral implications, and the weight the jury may have accorded it, its effect was to erroneously increase the allowable minimum punishment from a fifteen to ninety-nine year range to a twenty-five to ninety-nine year range. Another court has observed in passing on a similar question,

> [t]he punishment range authorized by the charge effectively informs the jury how serious the legislature considers the defendant's illegality by requiring it to select a punishment from within that range and foreclosing consideration of punishment outside that range.

> .    .    .    .    .

Under Tex.R.App.P. 81(b)(2), to affirm the judgment, we must find beyond a reasonable doubt that the error made no contribution to the punishment assessed. While the jury obviously did not assess the minimum it could have, we cannot say beyond a reasonable doubt that the jury would have assessed 50 years had it known that 5 years, not 25 years, was the minimum. The jury may well have assessed a lesser punishment had it considered that starting point or minimum sentence was 5 years. *Coats v. State*, 788 S.W.2d 674, 677 (Tex. App.—Corpus Christi 1990, pet. ref'd). By way of contrast, the sentence given here of eighty years was considerably more remote from both the correct minimum range, fifteen

years, and the erroneous minimum range given to the jury, twenty-five years. We therefore hold that the erroneously-charged minimum sentence, in light of the actual sentence given by the jury, was harmless beyond a reasonable doubt. Holt's first, second, and third points of error are overruled.

■ In his fourth point of error Holt complains of the State's argument during the punishment phase, asserting that the State impermissibly urged the jury to consider the effect of the possibility of parole in assessing the sentence. In one instance the prosecutor pointed out that Holt was sentenced for one offense to fifteen years' confinement, but then committed another offense while free less than a year later. At another point the prosecutor argued that, "What is important is that you've got to give him a significant sentence, so that for a quarter or fifteen years of that sentence, he doesn't hurt anyone." Both of these arguments were objected to, and both were overruled.

■ Holt is correct that juries are not to consider parole laws in assessing a defendant's punishment, and this jury was correctly instructed on that point. But the State is entitled to summarize the defendant's history of offenses, including the consequence of past parole decisions, and to urge the imposition of a significant sentence, in a plea for law enforcement, so long as no overt appeal is made to overcompensate for the possible operation of parole. *Cook v. State,* 858 S.W.2d 467, 476–77 (Tex.Cr.App.1993). Here, the argument made was within those permissible categories, and no express reference to parole was made. Holt's fourth point of error is overruled.

■ In his fifth point of error Holt asserts that the court erred in failing to grant a mistrial when a juror inadvertently saw him in custody at the local jail after the finding of guilt, but before the imposition of sentence. There was some dispute concerning whether Holt was handcuffed at the time of this chance encounter; the juror was at the jail to pick up a relative who worked there, and, after bringing the occurrence to the attention of the trial judge, testified that the inadvertent meeting would not influence his decision on sentencing. Though requiring an accused person to wear handcuffs during trial, absent exceptional circumstances, infringes upon his constitutional presumption of innocence, "a momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed accused and one or more of the jurors does not necessarily call for a mistrial or reversal." *Clark v. State,* 717 S.W.2d 910, 919 (Tex.Cr.App.1986). We find no error in the trial court's determination, after the juror had been questioned on this matter, that no material prejudice accrued to Holt as a result of this chance meeting. Holt's fifth point of error is overruled.

The judgment of the court below is affirmed.