

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00181-CR
_____

STEVEN DEON JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22511

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Shortly after midnight on November 4, 2007, Steven Deon Jones was standing outside the Westgate Apartments complex in Paris, Lamar County, Texas. When Officer Skyler Burchinal approached him, Jones fled through a stairway, an apartment, and eventually climbed a tall fence on the Westgate premises. While climbing the fence, Jones discarded a plastic bag containing 10.98 grams of crack cocaine. A jury convicted Jones of possession of a controlled substance, with intent to deliver, while within a drug-free zone, and sentenced him to thirty-five years in prison.[1]

On appeal, Jones contends that (1) the evidence was legally and factually insufficient to prove he had the intent to deliver, (2) the evidence was legally and factually insufficient to prove the offense occurred within 1,000 feet of a playground, (3) the trial court improperly instructed the jury as to the appropriate minimum sentence,[2] (4) Section 481.112 rather than Section 481.134 of the Texas Health and Safety Code is the proper statute of offense, and (5) the evidence was legally and factually insufficient to prove the address of the playground.

We reform the judgment, affirm the conviction and judgment as reformed, and reverse and remand for punishment because (1) the evidence was legally and factually sufficient to prove Jones possessed the drugs with the intent to deliver them, (2) there was no evidence to support a jury finding that the offense was committed within a drug-free zone, as applicable to this offense,

---

[1]The 10.98 grams of crack cocaine in Jones' possession made the offense a first degree felony.

[2]Jones raised this point of error in a supplemental brief.

2

(3) instructing the jury to use an incorrect minimum punishment standard was erroneous and resulted in egregious harm, and (4) Jones was convicted of violation of Section 481.112 of the Texas Health and Safety Code (5) factual and legal sufficiency concerning the address of the playground is moot.

Accordingly, we reform the judgment, affirm the conviction and judgment as reformed, and reverse and remand for punishment.

## I.      The Evidence Was Legally and Factually Sufficient to Prove Jones Intended to Deliver the Drugs

In Jones' second and third points of error, he contends the evidence was legally and factually insufficient to prove he had requisite intent to deliver the drugs in his possession. We disagree.

When reviewing the legal sufficiency of the evidence, an appellate court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Roberts v. State*, 273 S.W.3d 322, 326 (Tex. Crim. App. 2008); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). This standard mandates that the reviewing court accord deference to the fact-finder's duty to resolve conflicts in testimony and other evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In our review, we must evaluate all of the evidence in the record, both properly and improperly admitted, both direct and circumstantial, to determine whether the cumulative force of all the evidence (direct, circumstantial, or both) supports the verdict when such evidence is viewed in the light most favorable to that verdict. *Id.*; *see also Williams v. State*, 235

S.W.3d 742, 750 (Tex. Crim. App. 2007); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We use a hypothetically correct jury charge to evaluate both the legal and factual sufficiency of evidence. *Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Factual sufficiency has subtle differences. "Evidence may be factually insufficient if: '1) it is so weak as to be clearly wrong and manifestly unjust or 2) the adverse finding is against the great weight and preponderance of the available evidence.'" *Berry v. State*, 233 S.W.3d 847, 854 (Tex. Crim. App. 2007) (quoting *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Under this standard, we must afford "due deference" to the fact-finder's determinations. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); *see Young v. State*, 242 S.W.3d 192, 198 (Tex. App.—Tyler 2007, no pet.). And although, when we review the factual sufficiency of the evidence, we have the ability to second-guess the fact-finder to a limited degree, we should nonetheless be deferential, with a high level of skepticism about the fact-finder's verdict required before a reversal can occur. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Young*, 242 S.W.3d at 198–99.

The State had the burden of proving that Jones intended to deliver the cocaine he possessed. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003). Intent to deliver may be established by circumstantial evidence. *Bryant v. State*, 997 S.W.2d 673, 675 (Tex. App.—Texarkana 1999, no pet.) (citing *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Expert testimony by experienced law enforcement

4

officers may be used to show intent to deliver. *Id.* (citing *Mack v. State*, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *Branch v. State*, 833 S.W.2d 242, 244–45 (Tex. App.—Dallas 1992, pet. ref'd)). The factors that may be considered include: (1) the nature of the place where the defendant was arrested; (2) the quantity of controlled substance possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) the defendant's possession of a large amount of cash; and (6) the defendant's status as a drug user. *Id.* (citing *Williams,* 902 S.W.2d at 506). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

The location factor strongly supports the verdict. There is no dispute in the record that Jones was arrested on the Westgate Apartments' premises after he fled from Burchinal. Pamela Babbitt, manager of Westgate Apartments at the time of Jones' arrest, testified that drug transactions took place at the Westgate complex and that the police frequently came to the apartment complex to combat the problem. She characterized the apartments as "a high drug area." Leigh Foreman, an officer in the Paris Police Department, called Westgate a known drug trafficking site. Officer Tommy Moore, former Assistant Commander of the Red River Valley Drug Task Force, agreed that a lot of drug transactions take place at Westgate. This factor strongly supports the inference that Jones intended to deliver the drugs.

The second factor, quantity, also strongly supports the jury's finding of intent to deliver. Burchinal found the plastic baggie of drugs that Jones tried to discard during his attempt to flee from Burchinal. The baggie contained 10.98 grams of crack cocaine.[3] Foreman and Moore, both experienced narcotics officers, testified, without objection from Jones, that 10.98 grams is a "dealer amount," the possession of which indicates an intent to sell, rather than an amount for personal use. Foreman unequivocally stated that "[t]o have 11 grams, you are a proven dealer." Moore testified that Jones' possession of 10.98 grams indicates "[Jones] is a dealer." Therefore, this factor strongly supports the verdict.

The third factor is neutral in this case. Burchinal testified the drugs were in a plastic baggie; however, Burchinal admitted that it was not uncommon for drug dealers to carry crack cocaine "loose in their pocket" and that the drugs can be sold "in anything." Therefore, this factor is neutral and weighs neither in favor of nor against the inference of intent.

There is no evidence in the record that Jones possessed any drug paraphernalia or a large amount of cash. Likewise, there is no evidence regarding whether Jones is a drug user. Therefore, the remaining factors are not circumstantial evidence from which the jury could infer Jones' intent to deliver.

The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight of the evidence. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). When faced with

---

[3]In the record, the 10.98 grams is frequently referred to as "11 grams."

a record that supports conflicting inferences, we presume the trier of fact resolved any conflict in support of the verdict. *See id.*; *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). Considering all these factors together, we find there is legally and factually sufficient evidence to support the jury's verdict, and therefore, we must defer to the jury's determination, assume that any conflicting evidence or inferences were resolved in favor of the guilty verdict, and overrule Jones' second and third points of error.

## II. There Is No Evidence to Support a Jury Finding that the Offense Occurred in a Drug-Free Zone

In Jones' original brief, he argued that the State failed to prove the offense occurred within 1,000 feet of a playground, which it was thought would determine if the offense occurred within a drug-free zone. The State's brief countered that such evidence was presented and therefore the State had proved the offense occurred in a drug-free zone. After a review of the applicable statutes, we invited counsel to submit supplemental briefs addressing whether the proper standard of committing an offense within a drug-free zone was employed at trial. Jones has submitted a brief addressing the question, but the State declined.

Generally, when a drug offense is committed within a drug-free zone, the penalties are increased. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (Vernon Supp. 2008). The statute is very specific about the circumstances that must be shown to prove these enhanced penalties. For example, if the offense is a state jail felony by virtue of Sections 481.112, 481.113, 481.114, or 481.120 of the Texas Health and Safety Code, the punishment is enhanced to a third degree felony

7

if the offense is committed, among other places, within 1,000 feet of a playground. Likewise, a felony of the second degree is punishable as a first degree felony if the offense occurs within 1,000 feet of a playground. But, the indictment here alleged Jones possessed, with intent to deliver, more than four grams but less than 200 grams of cocaine, making this a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). Referring back to the drug-free zone statute, we find that the minimum range of punishment is increased by five years and the maximum fine is doubled if the offense occurs within a drug-free zone, but the definition of a drug-free zone is different. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). The drug-free zone in that instance is defined as being within 1,000 feet of the premises of a school, public or private youth center, or on a school bus, but not a playground.[4] The jury found that Jones committed the Section 481.112(d) offense within 1,000 feet of a playground. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). Since this offense is a first degree felony, a jury finding that it occurred within 1,000 feet of a playground is legally irrelevant.

While we believe there is sufficient evidence to establish that Jones' possession of the controlled substance occurred within 1,000 feet of a playground,[5] as defined by law, such a finding does not constitute a determination that Jones possessed the substance in a drug-free zone.

---

[4]We note this anomaly has been corrected in the last legislative session. As of September 1, 2009, a "playground" is now included within the definition of a drug-free zone in Section 481.134(c)(1), the statute applicable to this offense. Tex. H.B. 2467, 81st Leg., R.S. (2009).

[5]"Playground" is defined as "any outdoor facility that is not on the premises of a school . . . ." TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(3). A finding that the offense occurred on a playground appears to exclude a determination that it occurred at a school.

8

Testing the evidence based on the hypothetically correct jury charge, we find that there was no evidence presented that the offense occurred within 1,000 feet of the premises of a school, private or public youth center, or a school bus (the proper requisite finding of a drug-free zone in this case). Even if the indictment had properly alleged the requisite basis for finding a drug-free zone and if the jury charge correctly defined that term, the evidence would be legally insufficient since there is no evidence that the offense occurred within 1,000 feet of a school, youth center, or school bus. Consequently, there is no basis for a finding that Jones possessed the substance in a drug-free zone; the evidence presented is legally insufficient to make such a finding. We therefore order the "drug-free zone" finding stricken from the judgment. *Easterling v. State*, 710 S.W.2d 569, 582 (Tex. Crim. App. 1986).

## III. Failing to Instruct the Jury as to the Correct Minimum Sentence Was Erroneous and Resulted in Egregious Harm

### A. The Jury Instruction Was Erroneous

The jury found Jones guilty of possession of a controlled substance with intent to deliver and also found that Jones committed the offense while within 1,000 feet of a playground. Believing that a playground constituted a drug-free zone that enhanced the minimum punishment, the trial court instructed the jury that the minimum sentence was ten years, rather than five years, and that the maximum fine was $20,000.00 rather than $10,000.00. In his supplemental point of error, Jones argues that the correct minimum sentence was five years because a playground is not a drug-free

zone under Section 481.134(c), and therefore, the trial court's instructions to the jury as to the minimum sentence constituted error. We agree.

As we have previously stated, Jones was convicted of possession of a controlled substance with intent to deliver of four to 200 grams, a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). The minimum sentence for a first degree felony is five years' imprisonment. TEX. PENAL CODE ANN. § 12. 32(a) (Vernon 2003). If the jury had found the offense occurred (1) in, on, or within 1,000 feet of the premises of a school or a public or private youth center, or (2) on a school bus, the minimum sentence would have been increased to ten years' imprisonment, rather than five years and the maximum fine would be doubled. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). But as we have previously discussed, the jury did not make this finding, but instead found the offense occurred within 1,000 feet of a playground.

Because there was no evidence or jury finding that Jones committed the offense while within 1,000 feet of a school, youth center, or school bus, the trial court erred by instructing the jury that the available minimum sentence was ten years and the maximum fine was $20,000.00.

**B.     Standard of Review**

The Texas Court of Criminal Appeals has discussed the proper standard to review such an erroneous charge. At one time, it was held that the submission to the jury of a penalty range more severe than that authorized by law deprived the defendant of a fair and impartial trial, even though the jury assessed punishment within the lawful range. No harm analysis was necessary. *Uribe v.*

10

*State*, 688 S.W.2d 534, 539 (Tex. Crim. App. 1985). Later, the Texas Court of Criminal Appeals reconsidered that holding and found that in such an instance of unobjected-to jury charge error regarding punishment, an *Almanza*[6] analysis should be employed. *Cartwright v. State*, 833 S.W.2d 134, 137 (Tex. Crim. App. 1992). More recently, the court found that it "will never be considered harmless" if the State fails to sustain its burden to prove the chronological sequence of punishment enhancement allegations. *Jordan v. State*, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008). In this case, both theories or methods or analyses lead us to the conclusion that reversible error occurred.

### C.     *Almanza* Analysis

Where, as here, there was no proper objection to the punishment charge, an appellant must prove he or she has suffered egregious harm such that the appellant did not receive a fair and impartial trial. *Martin v. State*, 200 S.W.3d 635, 639–40 (Tex. Crim. App. 2006) (citing *Almanza*, 686 S.W.2d at 171 (op. on reh'g)). In determining whether egregious harm occurred, we review the error "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record . . . as a whole." *Skinner v. State*, 956 S.W.2d 532, 544 (Tex. Crim. App. 1997) (quoting *Almanza*, 686 S.W.2d at 171). Errors resulting in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Hutch v.*

---

[6]*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

11

*State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (citing *Almanza*, 686 S.W.2d at 171); *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991); *Washington v. State*, 59 S.W.3d 260, 265 (Tex. App.—Texarkana 2001, pet. ref'd); *Hall v. State*, 937 S.W.2d 580, 583 (Tex. App.—Texarkana 1996, pet. ref'd).

In the case of *Coody v. State*, the trial court instructed the jury that the minimum sentence was two years and the maximum was ten years, but the court failed to instruct the jury as to the appropriate statutory minimum sentence of one year or less in a community correctional facility. 812 S.W.2d 631, 634 (Tex. App.—Houston [14th Dist.]), *rev'd on other grounds*, 818 S.W.2d 68 (Tex. Crim. App. 1991). The defendant was sentenced to five years' imprisonment. *Id.* at 632. Applying *Almanza*, the Houston Fourteenth court found egregious harm and held that:

> Although punishment assessed fell within the lawful range *instructed*, it is not for this court to determine upon review that the jury *might* have assessed the same punishment had they been *correctly instructed* that the law holds the offense charged to deserve a range of punishment alternatives including the option for a less severe minimum sentence. [Citing *Uribe v. State*, 688 S.W.2d 534, 538 (Tex. Crim. App. 1985)]. Therefore we must conclude that appellant suffered an egregious harm, for she was denied the opportunity to receive a sentence less harsh than the minimum the jury was instructed to impose.

*Id.* at 634–35.

In contrast, we found no egregious error in the case of *Boone v. State*, 2005 WL 598752 (Tex. App.—Texarkana Mar. 16, 2005, pet. ref'd) (mem. op., not designated for publication). Due to two alleged prior felony convictions, the trial court's instructed punishment range was twenty-five years to ninety-nine years. *Id.* at *1. However, the State failed to prove the finality of one of the two prior

12

convictions; therefore, the proper range was fifteen years to ninety-nine years. *Id.* at *2. Boone was sentenced to eighty-five years' imprisonment, well within both ranges of punishment. *Id.* at *1. We held that "[g]iven the severity of the sentence assessed in relation to the instructed minimum sentence, egregious harm has not been shown." *Id.* at *2 (citing *Holt v. State*, 899 S.W.2d 22, 24–25 (Tex. App.—Tyler 1995, no pet.) (finding eighty-year sentence on first degree felony improperly enhanced under Section 12.42(d) harmless beyond a reasonable doubt)). We also noted "that '[e]gregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis.'" *Id.* at *2 (quoting *Hutch*, 922 S.W.2d at 171).

While not an *Almanza* analysis, the *Lockett* case is also illustrative. In *Lockett*, the Dallas court found insufficient evidence of an aggravating factor to support the defendant's conviction for aggravated robbery, but found sufficient evidence to convict the defendant of robbery. 874 S.W.2d 810, 818 (Tex. App.—Dallas 1994, pet. ref'd). The defendant's sentence was within the statutory range for both offenses, but the Dallas court reversed the punishment assessment and held that "[w]e cannot assume the trial judge would assess the same punishment for robbery, enhanced by a previous felony conviction, as he would assess for aggravated robbery, enhanced by a previous felony conviction." *Id.*

A defendant is entitled to a correct instruction on the range of punishment. *Coody*, 812 S.W.2d at 634. In this case, the thirty-five-year sentence assessed against Jones is not so far removed from the instructed or authorized minimum sentence that we may assume that the jury would have

13

assessed the same punishment had it been correctly instructed regarding the minimum sentence.[7]

Therefore, we find egregious harm because Jones was denied the opportunity to receive a sentence less harsh than the minimum the jury was instructed to impose; the jury's assessment of punishment was not so severe that we can assume it would have assessed the same punishment had the jury been properly instructed on the lower range of punishment. We sustain this point of error and reverse and remand the case for a new punishment trial.

## IV.  Jones Was Convicted of the Offense Described in Section 481.112

Here, the trial court's judgment indicates that Jones was convicted of "POSSESSION WITH INTENT TO DELIVER CONTROLLED SUBSTANCE, NAMELY:  COCAINE OF FOUR GRAMS OR MORE BUT LESS THAN 200 GRAMS, DRUG FREE ZONE" and specifies the statute for the offense as "481.134 Health and Safety Code."  In his first point of error, Jones contends that the judgment should be modified to name Section 481.112 of the Texas Health and Safety Code, rather than Section 481.134 as the basis for the offense.  The State argues that Section 481.134 is the correct statute of offense because the drug-free zone allegation was an element of the offense, rather than merely a punishment enhancement.  We agree with Jones and reform the judgment.

---

[7]See Judge Keller's dissenting opinion in *Jordan* involving an incorrect jury instruction on punishment due to the failure of the State to properly prove an enhancement allegation.  In urging an *Almanza* analysis and on applying it to that case, Judge Keller writes, "I could readily conclude that the ten-year difference in the lower end of the punishment range might have mattered if the jury had assessed 25 years or 50 years or even 75 years.  But not 99 years."  *Jordan*, 295 S.W.3d at 295 (Keller, P.J., dissenting).

14

Since we have held that there is no finding, in accordance with law, that this offense occurred within a drug-free zone as applicable to this offense, and that no evidence supports such a finding, it is clear that Jones was convicted only under Section 481.112. We reform the judgment to reveal the conviction was for violating Section 481.112 of the Texas Health and Safety Code.

## V.     Amendment of the Indictment

The argument concerning the amendment of the indictment involves sufficiency of the evidence of the location of the "playground" as the drug-free zone. Since we have found the drug-free zone issue has been removed from this case, this issue is moot.

## VI.     Conclusion

We affirm the conviction for the underlying offense of possession of a controlled substance with intent to deliver in violation of Section 481.112(a), (d) of the Texas Health and Safety Code, a first degree felony. We reform the judgment to strike any finding or reference to a "drug-free zone"

and to reflect that Jones was convicted of violating Section 481.112 of the Texas Health and Safety Code.  We reverse the sentence and remand to the trial court to conduct a new punishment hearing on the first degree felony.

Jack Carter
Justice

Date Submitted:     September 14, 2009
Date Decided:       October 23, 2009

Publish