Opinion filed November 30,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00338-CR 

                                                    __________

 

                            DON
CORNELL FRANKLIN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

                                                           Brown
County, Texas

                                                   Trial
Court Cause No. CR19272

 



 

M E M O R A N D
U M   O P I N I O N

 

            Don
Cornell Franklin was indicted for the delivery of cocaine in an amount of more
than one gram, but less than four grams, within 1,000 feet of a playground,
enhanced with a prior conviction.  The State waived the enhancement paragraph,
and Appellant pleaded guilty to the court without a plea bargain.  Prior to
accepting the plea, the judge gave Appellant written and verbal admonishments. 
Appellant stipulated to the underlying offense, delivery of a controlled substance,
and to the fact that it occurred within Cecil Holman Park, a drug-free zone.  A
plea was entered after the trial court gave the proper verbal admonishments,
which included the fact that the sentencing range for this offense was between five
and ninety-nine years or life imprisonment and a fine of up to $10,000.

            Appellant
also signed written waivers and admonishments in a three-page document entitled
“Written Admonitions to the Defendant for Plea to Court.”  Within this
document, only the box next to “First Degree Felony” was marked.[1] 
This part of the form admonished Appellant that he faced “confinement in the Institutional
Division for life or a term of not more than 99 years or less than 5 years; in
addition, a fine not to exceed $10,000 may be imposed.”  Both the State and the
defense counsel agreed on the record that this was a correct statement of the
sentencing range for this crime.  The trial court subsequently found Appellant
guilty and sentenced Appellant to sixty years in the Institutional Division of
the Texas Department of Criminal Justice.  Appellant’s appeal, though presented
in four separate points of error, is based in large part upon the claim that he
was mistakenly admonished, without correction by his counsel, that the minimum
sentence was five years and the maximum fine was $10,000. Appellant contends
that, due to the application of Section 481.134(c) of the Texas Health and
Safety Code, the minimum sentence was ten years and the maximum amount of fine
that could be assessed was $20,000.  Tex.
Health & Safety Code Ann. § 481.134(c) (West Supp. 2011). 

Application
of Drug-Free Zone Statutes

            Appellant’s
argument stems from the application of the “drug-free zone” provision within
the Texas Health and Safety Code that increases the minimum sentence and fine
amounts when certain conditions are met. The section in question, Section 481.134(c),
reads: 

      (c)  The
minimum term of confinement or imprisonment for an offense otherwise punishable
under Section 481.112(c) . . . is increased by five years and the maximum fine
for the offense is doubled if it is shown on the trial of the offense that the
offense was committed:

 

       (1)  in,
on, or within 1,000 feet of the premises of a school, the premises of a public
or private youth center, or a playground; or

 

       (2)  on
a school bus.

 

            Appellant
contends that he was incorrectly admonished because the operation of Section 481.134(c)
increased his minimum mandatory sentence to ten years.  Appellant’s sole basis
for applying this provision is that he stipulated to committing the crime at
Cecil Holman Park, a “playground,” for purposes of the drug-free zone
provisions of the Health and Safety Code.  However, at the time the
admonishments were given, Section 481.134(c) had only re-cently been amended to
include playgrounds. Act of May 23, 2009, 81st Leg.,
R.S., ch. 452, § 1. The effective date of this statute was
September 1, 2009, and the enacting text of the statute reads: 

            The
change in law made by this Act applies only to an offense committed on or after
the effective date of this Act.  An offense committed before the effective date
of this Act is covered by the law in effect when the offense was committed, and
the former law is continued in effect for that purpose. For purposes of this
section, an offense was committed before the effective date of this Act if any
element of the offense was committed before that date.

 

Id. § 3.

            According
to the indictment, the date of the offense was September 26, 2007.  Applying “the
law in effect when the offense was committed,” the increase in punishment of Section 481.134(c)
did not apply to Appellant.  Id.  On that date, and also on June 30,
2009, when the admonishments were given, Section 481.134(c) did not include
playgrounds.  The section that enhanced Appellant’s punishment from that of a
second-degree felony to a first-degree felony was in effect at the time of this
offence and did include playgrounds.  Section 481.134(b).[2]

             The
trial court’s characterization of the sentencing range at the time, five to ninety-nine
years or life, was accurate.  An admonishment comporting with the law then in
effect is not erroneous. Because the application of Section 481.134(c) was the
only basis for Appellant’s Points of Error Nos. 1, 2, and 3, we overrule each.
We also overrule that portion of appellant’s Point of Error No. 4 discussed infra
that asks us to apply Section 481.134(c) to reform the range of sentencing listed in the judgment
of conviction.  

Reformation

            In
his fourth point of error, appellant asks us to hold the judgment void or,
alternatively, to reform the judgment.  Appellant contends
that the trial court’s written judgment of conviction states the wrong offense
and degree of offense.  The judgment of conviction lists the offense as “Delivery
of a Controlled Substance − Drug Free Zone,” but appellant contends that the
accurate title of the offense is simply Delivery of a Controlled Substance.  A
drug-free zone finding is necessary to enhance punishment but is not an element
of the offense itself or a separate offense. See Williams v. State,
127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref’d).  Nevertheless, it is
not accurate to characterize the offense of which Appellant was convicted as
simply delivery of a controlled substance.  The fact that the offense was
committed in a drug-free zone is significant in determining the proper
punishment range and should be reflected in the judgment.  We find no error in
the description of the offense in the judgment.

            The
judgment also classifies the offense as a first-degree felony; it is actually a
second-degree felony that is punished as a first-degree felony because
of the fact that it was committed in a drug-free zone.  Tex. Health & Safety Code Ann. § 481.112(c) (West 2010), § 481.134(b)
(West Supp. 2011).  Appellant argues that only the punishment is enhanced, not
the degree of the offense.  Appellant does not argue that the offense was
improperly enhanced, and we have already found that the admonishments were
correct and proper.  The judgment is not void.  The State concedes that the
judgment lists the wrong degree of offense and that reformation is proper.  We
agree.  We modify the trial court’s judgment to reflect
the following:  “DEGREE OF OFFENSE:  Second Degree Felony.” 

            As
modified, the judgment of the trial court is affirmed.

 

 

                                                                                    ERIC
KALENAK

                                                                                    JUSTICE

 

November 30,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Kalenak, J.









                [1]A
handwritten correction crossed out the previously checked box beside “First
Degree Felony + Repeat Offender.”  Presumably, only the box beside First Degree
Felony was checked when Appellant signed.





                [2]Regardless
of whether the difference was intentional on the
part of the legislature or merely an anomaly, the statute has since been
amended. As pointed out by the Texarkana Court of Appeals, in the past,
playgrounds were included in some sections of Chapter 481 but not others:
“[Th]is anomaly has been corrected in the last legislative session.  As of September 1, 2009, a ‘playground’
is now included within the definition of a drug-free zone in Section 481.134(c)(1), the
statute applicable to this offense. Tex. H.B. 2467, 81st Leg., R.S. (2009).”  Jones
v. State, 300 S.W.3d 93, 98 n.4 (Tex. App.—Texarkana 2009, no pet.).