**Opinion filed November 30, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00338-CR

_____

### DON CORNELL FRANKLIN, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR19272**

### M E M O R A N D U M   O P I N I O N

Don Cornell Franklin was indicted for the delivery of cocaine in an amount of more than one gram, but less than four grams, within 1,000 feet of a playground, enhanced with a prior conviction. The State waived the enhancement paragraph, and Appellant pleaded guilty to the court without a plea bargain. Prior to accepting the plea, the judge gave Appellant written and verbal admonishments. Appellant stipulated to the underlying offense, delivery of a controlled substance, and to the fact that it occurred within Cecil Holman Park, a drug-free zone. A plea was entered after the trial court gave the proper verbal admonishments, which included the fact that the sentencing range for this offense was between five and ninety-nine years or life imprisonment and a fine of up to $10,000.

Appellant also signed written waivers and admonishments in a three-page document entitled "Written Admonitions to the Defendant for Plea to Court." Within this document, only the box next to "First Degree Felony" was marked.[1] This part of the form admonished Appellant that he faced "confinement in the Institutional Division for life or a term of not more than 99 years or less than 5 years; in addition, a fine not to exceed $10,000 may be imposed." Both the State and the defense counsel agreed on the record that this was a correct statement of the sentencing range for this crime. The trial court subsequently found Appellant guilty and sentenced Appellant to sixty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant's appeal, though presented in four separate points of error, is based in large part upon the claim that he was mistakenly admonished, without correction by his counsel, that the minimum sentence was five years and the maximum fine was $10,000. Appellant contends that, due to the application of Section 481.134(c) of the Texas Health and Safety Code, the minimum sentence was ten years and the maximum amount of fine that could be assessed was $20,000. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West Supp. 2011).

*Application of Drug-Free Zone Statutes*

Appellant's argument stems from the application of the "drug-free zone" provision within the Texas Health and Safety Code that increases the minimum sentence and fine amounts when certain conditions are met. The section in question, Section 481.134(c), reads:

> (c) The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.112(c) . . . is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed:
>
> (1) in, on, or within 1,000 feet of the premises of a school, the premises of a public or private youth center, or a playground; or
>
> (2) on a school bus.

Appellant contends that he was incorrectly admonished because the operation of Section 481.134(c) increased his minimum mandatory sentence to ten years. Appellant's sole basis for applying this provision is that he stipulated to committing the crime at Cecil Holman Park, a "playground," for purposes of the drug-free zone provisions of the Health and Safety

---

[1]A handwritten correction crossed out the previously checked box beside "First Degree Felony + Repeat Offender." Presumably, only the box beside First Degree Felony was checked when Appellant signed.

Code. However, at the time the admonishments were given, Section 481.134(c) had only recently been amended to include playgrounds. Act of May 23, 2009, 81st Leg., R.S., ch. 452, § 1. The effective date of this statute was September 1, 2009, and the enacting text of the statute reads:

> The change in law made by this Act applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense was committed before that date.

*Id*. § 3.

According to the indictment, the date of the offense was September 26, 2007. Applying "the law in effect when the offense was committed," the increase in punishment of Section 481.134(c) did not apply to Appellant. *Id*. On that date, and also on June 30, 2009, when the admonishments were given, Section 481.134(c) did not include playgrounds. The section that enhanced Appellant's punishment from that of a second-degree felony to a first-degree felony was in effect at the time of this offence and did include playgrounds. Section 481.134(b).[2]

The trial court's characterization of the sentencing range at the time, five to ninety-nine years or life, was accurate. An admonishment comporting with the law then in effect is not erroneous. Because the application of Section 481.134(c) was the only basis for Appellant's Points of Error Nos. 1, 2, and 3, we overrule each. We also overrule that portion of appellant's Point of Error No. 4 discussed *infra* that asks us to apply Section 481.134(c) to reform the range of sentencing listed in the judgment of conviction.

### *Reformation*

In his fourth point of error, appellant asks us to hold the judgment void or, alternatively, to reform the judgment. Appellant contends that the trial court's written judgment of conviction states the wrong offense and degree of offense. The judgment of conviction lists the offense as

---

[2]Regardless of whether the difference was intentional on the part of the legislature or merely an anomaly, the statute has since been amended. As pointed out by the Texarkana Court of Appeals, in the past, playgrounds were included in some sections of Chapter 481 but not others: "[Th]is anomaly has been corrected in the last legislative session. As of September 1, 2009, a 'playground' is now included within the definition of a drug-free zone in Section 481.134(c)(1), the statute applicable to this offense. Tex. H.B. 2467, 81st Leg., R.S. (2009)." *Jones v. State*, 300 S.W.3d 93, 98 n.4 (Tex. App.—Texarkana 2009, no pet.).

"Delivery of a Controlled Substance − Drug Free Zone," but appellant contends that the accurate title of the offense is simply Delivery of a Controlled Substance. A drug-free zone finding is necessary to enhance punishment but is not an element of the offense itself or a separate offense. *See Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd). Nevertheless, it is not accurate to characterize the offense of which Appellant was convicted as simply delivery of a controlled substance. The fact that the offense was committed in a drug-free zone is significant in determining the proper punishment range and should be reflected in the judgment. We find no error in the description of the offense in the judgment.

The judgment also classifies the offense as a first-degree felony; it is actually a second-degree felony that is *punished* as a first-degree felony because of the fact that it was committed in a drug-free zone. TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010), § 481.134(b) (West Supp. 2011). Appellant argues that only the punishment is enhanced, not the degree of the offense. Appellant does not argue that the offense was improperly enhanced, and we have already found that the admonishments were correct and proper. The judgment is not void. The State concedes that the judgment lists the wrong degree of offense and that reformation is proper. We agree. We modify the trial court's judgment to reflect the following: "DEGREE OF OFFENSE: Second Degree Felony."

As modified, the judgment of the trial court is affirmed.


ERIC KALENAK
JUSTICE


November 30, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.