WITHDRAWN 2-13-14
REISSUED 2-13-14



**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-12-00155-CR**
**No. 10-12-00156-CR**
**No. 10-12-00157-CR**

**CONNER BENJAMIN POLEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court Nos. 37,113, 37,114 and 37,115**

**MEMORANDUM  OPINION**

In these three cases, Appellant Conner Polen pleaded guilty without the benefit of a plea bargain to aggravated robbery, two counts of tampering with evidence, and possession of cocaine (over one gram but less than four grams), enhanced by being committed in a "drug-free zone" (a school). After a punishment hearing, the trial court

sentenced Polen to twenty-five years on the aggravated robbery conviction (with a deadly-weapon finding) and to the maximum sentences of ten years on the remaining convictions, with all three sentences to be served concurrently. No fines were assessed. Raising five issues, Polen appeals.

In his first issue, in Cause No. 10-12-00157-CR (Trial Court No. 37,115), Polen asserts that the evidence is insufficient to prove that he possessed cocaine in a drug-free zone—within 1,000 feet of a school, which enhanced the minimum sentence five years. The indictment alleged that the possession offense was committed "in or on or within 1,000 feet of the premises of a school, to-wit: Hill College."

In this case, Polen signed a generic written stipulation that included that the "enhancement charges … are in fact true." Generally, a defendant's plea of "true" to an enhancement allegation relieves the State of its burden of proving that allegation and the defendant cannot challenge the sufficiency of the evidence, but an exception exists when "the record affirmatively reflects" that the enhancement is itself improper. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006).

We agree with the State's concession that the enhancement was improper and that the evidence is insufficient; Hill College is not a "school" for purposes of enhancing punishment for certain drug offenses committed within a statutorily defined drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (West Supp. 2012) (defining "school" as "a private or public elementary or secondary school or a day-care center"); *id.* § 481.134(c)(1) (increasing the minimum sentence by five years if offense was committed within 1,000 feet of a school); *see also id.* § 481.134(a)(2) (defining "institution

of higher education" to include a "junior college"). Accordingly, the seven-to-ten year punishment range considered by the trial court for this third-degree felony was incorrect; without enhancement, the correct punishment range was two to ten years. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010); TEX. PENAL CODE ANN. § 12.34(a) (West 2011).

Because Polen did not object to the trial court's incorrect punishment range and because the ten-year sentence was not an illegal sentence, we agree with the State's contention that we should review the error for egregious harm. *See Jones v. State*, 300 S.W.3d 93, 100 (Tex. App.—Texarkana 2009, no pet.); *see also Cartwright v. State*, 833 S.W.2d 134, 137 (Tex. Crim. App. 1992). Errors that result in egregious harm are those that affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." *Almanza v. State*, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985) (op. on reh'g). Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

We conclude that Polen did not suffer egregious harm in the nonjury punishment hearing. All three cases were heard in the same punishment hearing. The evidence showed that Polen robbed a store at knifepoint to buy the drugs, and that, while being apprehended by police, he tried to hide the drugs, which led to the tampering counts. Just a few weeks before, Polen committed aggravated robbery with a gun at a store in Johnson County and used the money to buy drugs. There was evidence that Polen had been provided numerous opportunities for drug rehabilitation.

In closing argument, the State did not mention the drug-free zone aspect of the possession charge; instead the State focused on the aggravated robberies and Polen's previous rehabilitation opportunities.

Considering the case as a whole, along with the fact that the trial court gave Polen the maximum ten-year sentences for both the possession charge and the tampering charge, with those sentences to be served concurrently with the twenty-five year aggravated robbery sentence, we cannot say that Polen suffered egregious harm where the trial court incorrectly considered the minimum sentence to be seven years, instead of two years, on the possession charge because of the improper drug-zone enhancement. Issue one is overruled.

In issues two, three, and four, Polen asserts that his maximum sentences for tampering with evidence, possession of cocaine, and aggravated robbery constitute cruel and unusual punishment under the Eight Amendment, article I, section 13 of the Texas Constitution, and article 1.09 of the Code of Criminal Procedure because the sentences are grossly disproportionate to the offenses.[1]

A defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *Gertz v. State*, No. 10-11-00008-

---

[1] Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where a sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

CR, 2012 WL 3799146, at *2 (Tex. App.—Waco Aug. 30, 2012, no pet.) (mem. op., not designated for publication) (citing *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)).  Because Polen did not raise his complaint about his sentences in the trial court, issues two, three, and four are not preserved and are thus overruled.  TEX. R. APP. P. 33.1.

Issue five asserts that the evidence is insufficient to prove that Polen had adequate financial resources to pay his court-appointed attorney's fees.  In each judgment, the trial court ordered Polen to pay the fees for his court-appointed attorney in an amount to be determined later, although the trial court had found Polen to be indigent for trial and appeal.

The State concedes that the "TBDL" (to be determined later) assessment of attorney's fees was erroneous but notes that, after Polen's appellate brief was filed, the trial court amended all three judgments by striking "TBDL" from each judgment.  Accordingly, we dismiss issue five as moot.

We affirm the trial court's judgment in each case.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 3, 2013

Do not publish
[CRPM]