

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00026-CR

JASON LAMON MAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27450

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Under a plea bargain agreement, Jason Lamon Mayes pled guilty to delivery of five pounds or less, but more than one-fourth ounce, of marihuana in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.120(b)(3), 481.134. In accordance with the plea bargain, the trial court sentenced Mayes to five years' imprisonment and ordered him to pay a $1,000.00 fine.

On appeal, Mayes raises three issues related to whether the evidence is legally sufficient to support the drug-free zone "enhancement of the punishment range."[1] We affirm the trial court's judgment because the drug-free zone allegation was an element of the offense, not a punishment enhancement, and Mayes' judicial confession renders the evidence legally sufficient.

## I. Factual and Procedural Background

The State's indictment described the offense as delivery of marihuana in a drug-free zone, cited Section 481.134 of the Texas Health and Safety Code, and alleged that Mayes committed the marihuana delivery "in, on, or within 1,000 feet of premises of a school, to-wit: Paris Independent School District Administration Building." The offense of delivery of five pounds or less, but more than one-fourth ounce, of marihuana is a state-jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.120(b)(3). Even so,

> [a]n offense otherwise punishable under Section . . . 481.120(b)(3) . . . is a felony of the third degree if it is shown on the trial of the offense that the offense was committed:

---

[1] The agreed sentencing cap rendered this case a plea bargain for purposes of Rule 25.2(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003). Even so, Mayes' plea was taken after repeated and unqualified assurances from the trial court that he had the right to appeal. As a result, the record reflects, and the trial court certified, that Mayes had a right to appeal.

> (1)     in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board, the premises of a public or private youth center, or a playground; or
>
> (2)     on a school bus.

TEX. HEALTH & SAFETY CODE ANN. § 481.134(d); *see Oliva v. State*, 548 S.W.3d 518, 528 n.61 (Tex. Crim. App. 2018). For that reason, under the State's indictment, Mayes' offense was not just punishable as a third-degree felony, it became a third-degree felony. *See id.*; *Jones v. State*, 300 S.W.3d 93, 98 (Tex. App.—Texarkana 2009, no pet.). The trial court's written and oral plea admonishments properly reflected that Mayes was pleading guilty to a third-degree felony. Mayes signed a judicial confession swearing, "All of the facts alleged in the indictment or information are true and correct. I am guilty of the offense(s) charged."[2]

## II.     Mayes' Judicial Confession Renders the Evidence Legally Sufficient

In a novel argument raised for the first time on appeal, Mayes contends that the evidence is insufficient because there was no evidence that the Paris Independent School District Administration Building was a school.[3] That said, under Section 481.134(d), the State had to show only that the building was "owned, rented, or leased to a school or school board." TEX. HEALTH & SAFETY CODE ANN. § 481.134(d).

---

[2]Mayes also separately pled true to the drug-free-zone allegation in open court.

[3]Mayes also complains that there was a material variance between the State's pleading that the building was a school and the proof. A defendant who does not object to defects of form or substance in an indictment before trial fails to preserve any complaint about such defects. *Teal v. State*, 230 S.W.3d 172, 176–77 (Tex. Crim. App. 2007). Mayes does not argue that the indictment did not meet the constitutional requisites of an indictment by failing to assert the essential elements of the offense under the hypothetically correct jury charge or address Mayes' judicial confession that the building was, in fact, a school. In any case, a hypothetically correct jury charge only required the State to prove that the building was owned by, rented by, or leased to a school or school board.

Mayes does not argue that the Paris Independent School District Administration Building was not owned by, rented to, or leased to a school or school board. Mayes also judicially admitted all the elements of the offense as alleged in the State's indictment. Nor does Mayes argue that his plea of guilt, combined with his written judicial confession, is insufficient to support his conviction.

A sworn statement by the defendant acknowledging that the allegations against him are true and correct will support a guilty plea "so long as such a judicial confession covers all of the elements of the charged offense." *Menefee v. State*, 287 S.W.3d 9, 15 (Tex. Crim. App. 2009). Given Mayes' judicial confession, which covered all the elements of this third-degree felony offense, we overrule his complaint that the evidence is legally insufficient to support the drug-free-zone allegation.

## III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     September 26, 2019
Date Decided:       September 27, 2019

Do Not Publish